**GRIZZLE, Ex'r. et al. v. WRIGHT.**

No. 13804—Opinion Filed Jan. 20, 1925.

**1. Wills—Creation of Life Estate in Wife with Remainder in Daughter.**

Where a testator bequeathes to his wife all of his real and personal property and to his daughter, at the death of his wife, all of said real and personal property, the wife takes a life estate in said property, under the will, and the daughter becomes the owner of an estate in remainder in said property; and, upon the death of the testator, the surviving wife, during her life, holds said property in trust for the daughter.

**2. Same—Judgment Sustained.**

Record examined, and held, that the findings and judgment of the trial court are supported by the evidence.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Dewey County; T. P. Clay, Judge.

Action by Lydia R. Wright, formerly Lydia R. Sullenger against J. C. Grizzle, executor of the estate of Eliza J. Duncan et al. Judgment for plaintiff, and defendants bring error. Affirmed.

Seth V. Conrad, Fred L. Hoyt, and John Butler, for plaintiffs in error.

Tom L. Ruble and Rufe Scott, for defendants in error.

Opinion by JARMAN. C. This was an ac-

tion. by Lydia E. Wright, formerly Lydia. R. Sullinger, against the plaintiffs in error herein, defendants below, for judgment declaring a resulting trust in the lands in question in favor of the plaintiff, and decreeing the plaintiff to be the owner thereof.

On October 10, 1912, William M. Duncan died at his home in the state of Missouri, leaving a will, which disposed of his property in the following manner:

"Item One: I hereby give and bequeath unto my wife, Eliza J. Duncan, all of my property, real and personal except two thousand, specified in item two.

"Item Two: I hereby will and bequeath to Lydia R. Sullinger (my foster child) two thousand dollars.

"Item Three: I hereby will and bequeath at the death of my wife (Eliza J. Duncan) all of my property real and personal to Lydia R. Sullinger (my, foster child)."

Said will was duly admitted to probate in the probate court of Webster county, Mo., and letters testamentary were issued to Eliza J. Duncan, surviving wife, who administered on the estate of the deceased as executrix, and, upon final settlement, and after payment of all debts and the legacy mentioned in item two of the will, there was left in the hands of the executrix the sum of $7,178.09, which was delivered to Eliza J. Duncan, as provided by item one of said will. On October 8, 1915, Eliza J. Duncan, after having received the funds above mentioned from the estate of William M. Duncan, deceased, purchased the 80 acres of land in question, located in Dewey county, Okla., and the deed thereto was taken in her name, as grantee; and at the time of the death of Eliza J. Duncan, in January, 1920, the record title to said land was in her name. Eliza J. Duncan left a will, and J. C. Grizzle is the executor of her estate.

The plaintiff contends that, under the provisions of the will of William M. Duncan, deceased. Eliza J. Duncan took only a life estate in the property of said deceased, and that, upon her death, all of said property vested in the plaintiff; that the consideration paid by Eliza J. Duncan for the lands in question came out of funds received by her from the estate of William M. Duncan, deceased, and that the title to said lands, therefore. vested in the plaintiff upon the death of the said Eliza J. Duncan. The defendants Lola Lucretia Duncan and Beulah Mildred Duncan are the adopted daughters and heirs at law of Eliza J. Duncan, deceased, and, C. B. Bruntley, named as one of the defendants, claims no interest in said lands. but is merely a tenant thereon.

Upon the trial of this cause, the court found that $1,000 of the consideration paid by Eliza J. Duncan for the land in question were funds received by her from the estate of William M. Duncan, deceased; and the court rendered a judgment that Eliza J. Duncan acquired only a life estate in and to the property she received from the estate of William M. Duncan, deceased, and that, upon her death, said property vested in the plaintiff, and awarded the plaintiff judgment against the defendants for the said sum of $1,000, and decreed the same to be a lien on the lands in question. From this judgment, the defendants bring error.

It is first contended that the plaintiff never proved that the will of William M. Duncan. was ever admitted to probate; and that the instruments, attached to the plaintiff's petition as "Exhibit A," purporting to be copies of said will and of the order admitting it to probate. were not authenticated as required by section 637 Comp. Stat. 1921, to prove foreign records, and that no judgment could be rendered affecting property covered by said will; and, therefore, the court erred in overruling the demurrer to plaintiff's evidence.

This position is not well taken, because the authenticity of the will was not an issue in the case. The defendants admitted in their answer that the will, set out in plaintiff's petition. was duly executed by William M. Duncan, and, therefore, it was not necessary to prove it. The theory on which the defendants proceeded in the trial of this cause was, that the will had been regularly executed and probated, but that, under its terms, the title to the property of William M. Duncan vested in Eliza J. Duncan in fee.

The defendants contend that the evidence, on the part of the plaintiff, fails to show the existence of a trust relation between Eliza J. Duncan and the plaintiff, with respect to the property in question. If Eliza J. Duncan acquired only a life estate in the property of William M. Duncan, deceased, and the estate in remainder went to the plaintiff. under the terms of the will, as held by the trial court, then the will itself constituted Eliza J. Duncan as trustee of the property for the plaintiff, and it was not necessary to offer proof of the trust relationship. The terms and language of the will are unambiguous, and clearly show the intention of the testator was to give the property to his wife for an during her life, and the remainder in fee, after her death, to the plaintiff: otherwise, the third clause

in the will, wherein the testator bequeathed that, at the death of his wife, all of his property, real and personal, should go to the plaintiff, is meaningless.

In this connection, the only remaining question to be determined is whether the $1,000 the plaintiff was given judgment for, and was paid on the consideration for the land in Dewey county, came from the estate of William M. Duncan, deceased; and, in determining this question, we will also dispose of the third and fourth assignments of error, wherein it is contended that the findings of fact by the trial court are not supported by the evidence, and that the court erred in rendering judgment thereon. After the death of William M. Duncan, the plaintiff made her home with Eliza J. Duncan, and she testified that she was familiar with the business affairs of Eliza J. Duncan, and she knew positively that the purchase price of the land in question was paid by Eliza J. Duncan out of the estate of William M. Duncan, deceased. The testimony of Grizzle, executor of the estate of Eliza J. Duncan, deceased, shows that, at the time of the death of William M. Duncan, most, if not practically all, of the individual funds of Eliza J. Duncan were loaned out, and the clear inference, to be drawn from the testimony of Grizzle, is that most of her funds were still loaned out at the time the land in question was purchased. The evidence shows that the consideration for this tract of land was $1,990, and the trial court, under the record in this case, was very liberal in holding that $900 of this consideration was paid out of the separate funds of Eliza J. Duncan. The findings of the fact of the trial court that $1,000 of this consideration was paid out of funds received by Eliza J. Duncan from the estate of William M. Duncan, deceased, is amply supported by the evidence, and the court properly decreed a lien on said land for the $1,000. Monroe et al. v. Collins et al., 95 Mo. 33.

The defendants next contend that the court erred in admitting in evidence the certified copy of final settlement of Eliza J. Duncan, as executrix of the estate of William M. Duncan, deceased, in the probate court at Webster county, Mo., for the reason that the same was not authenticated as required by section 637, Comp. Stat. 1921. This objection was not urged to the introduction of said instrument at the time the same was offered in evidence in the trial court, but was objected to, on wholly different grounds, and. therefore, this objection cannot be considered on appeal. The defendants complain of the admission of certain other evidence

which we have examined and find that no prejudicial error was committed thereby.

The judgment of the trial court should be, and is, affirmed.

By the Court: It is so ordered.

Note.—See under (1) 40 Cyc. p. 1619; (2) 21 C. J. p. 941.