GREER v. GREER.

No. 31347. April 4, 1944.

Rehearing Denied May 2, 1944.

*148 P. 2d 156.*

Charles A. Chandler, of Muskogee, for plaintiff in error.

R. M. Mountcastle, of Muskogee, for defendant in error.

OSBORN, J. This is an appeal from a judgment of the district court of Muskogee county awarding the plaintiff a divorce and making division of the property between the parties. For the purpose of this opinion the parties will be referred to as they appeared in the trial court.

On the 18th day of May, 1942, plaintiff filed her petition, and on the 3rd day of October, 1942, filed an amendment thereto, alleging her residence in Oklahoma for a year next preceding the filing of the petition and that she and defendant were married in the State of Texas and of said marriage four children were born; that she is the owner of certain property in Oklahoma and Texas; that defendant has been guilty of extreme cruelty and gross neglect of duty; and asks for a divorce, care and custody of the children and for her individual property.

Defendant admits the marriage and the birth of the children, but denies that the property is the individual property of the plaintiff, and alleges that the property was acquired and improved by and through his contribution and efforts. Defendant admits that the legal title is in his name and he asserts that he is the legal and equitable owner of said property, and asks the court to deny the plaintiff any relief.

Upon the above pleadings the cause was tried to the court. After trial and judgment and with the permission of the court, the defendant filed an amended answer, wherein he admits the marriage, but states that prior to August, 1941, he and plaintiff were domiciled in the State of Texas; that in 1936 they purchased 70 acres of land in Wood county, Tex., for $875, payable $300 in cash, and the balance at approximately $75 per year; that plaintiff advanced the cash payment, and defendant from his personal earnings paid the first four annual installments; that the balance of the payments were made from a joint account derived from the sale of an oil and gas lease thereon; and that after receiving the lease bonus mony, plaintiff and defendant treated it as community property; that the property bought in Muskogee county

was bought from said fund and with the consent of the plaintiff and defendant; that under the laws of the State of Texas the same is community property; that the royalty checks, received for oil runs on the Texas property, are payable jointly to the plaintiff and defendant; that by the acts and conduct of plaintiff she is estopped to deny that all the property is community property.

The substantial facts in the case are as follows: The plaintiff and defendant were married in the State of Texas on August 25, 1932, and of said marriage four daughters were born; that the plaintiff was under guardianship until she was married; that in 1933 she received a small amount of cash and an undivided interest in 100 acres of land which was producing some oil; that said money and land were inherited from her father's estate; that from the time of their marriage to 1937 plaintiff and defendant lived on a farm in Texas in which the defendant owned an undivided interest with his brothers and sisters; that in 1936 the plaintiff made a down payment of $300 on a 70-acre farm in Texas, leaving a balance of $575 due in yearly installments; that there is some dispute as to who paid the first four annual installments; that the plaintiff and defendant lived on this farm and the defendant farmed it, raising a very small amount of cotton, corn and other crops each year from 1937 to 1941; that in January, 1941, a lease was sold on 70 acres for $26,500, which money was placed in a joint account in a bank; that in December, 1940, a Mr. Jim Simmons went to Texas to see the defendant about buying some Oklahoma farm land, and sometime during the first part of the year 1941, the defendant came to Oklahoma and bought 240 acres in Muskogee county, taking title thereto in the name of plaintiff and defendant, and paying for the same by check signed by both plaintiff and defendant and drawn on the joint account, in the sum of $10,800; that they moved to Muskogee in March, 1941, but could not get possession of the farm, and on April 26, 1941, they purchased a house in Muskogee to live in until they could get possession of the farm; that the individual income of the defendant has been small; that the royalty checks from the 70 acres were payable to plaintiff and defendant during the time they lived together. Since their separation the checks have been cashed and the money divided; all the farming equipment was bought by defendant, but was paid for out of the joint account.

The trial court decreed to the plaintiff the 70-acre tract in Texas, the 220-acre tract in Oklahoma, upon which there is a mortgage of $1,250, the mineral interest in Creek county, the house and lot in the city of Muskogee, Okla., and the larger portion of the personal property, including farming equipment and livestock, as her separate property; and also decreed the care and custody of the four minor children to the plaintiff.

The defendant contends: (1) That the trial court was without jurisdiction to decree plaintiff a divorce; (2) that the trial court committed error in admitting evidence which was irrelevant, incompetent, and immaterial, to which defendant objected; (3) that the finding and decree of the trial court purporting to divide property rights between the parties is not sustained by sufficient evidence and is contrary to the great weight of the evidence and contrary to law.

We will consider these propositions in order.

Under Title 12, O. S. 1941 § 1272, it must be made to appear that plaintiff has been a resident in good faith of the state for one year next before the filing of the petition, as a prerequisite to the court's jurisdiction to grant relief. Pope v. Pope, 116 Okla. 188, 243 P. 962. The question of residence in an action for divorce is one of fact to be determined from the evidence in the case. Pope v. Pope, supra. The trial court in its decree found that plaintiff was and had been for more than one year next preceding the filing of the petition a resident of this state. Such finding is sup-

ported by competent evidence and is in accord with the clear weight thereof.

The testimony shows that the parties moved to Oklahoma in March, 1941, but could not get possession of the farm, so on April 26, 1941, they purchased a residence in the city of Muskogee and resided there until possession of the farm could be had.

The defendant next contends that the court erred in admitting in evidence the certified final account of the guardian of the plaintiff and the certified order approving, because they were not authenticated as required by Title 12, O. S. 1941 § 485. When these documents were introduced the defendant objected because they were "incompetent, irrelevant and immaterial, and too remote." As will be noted, the defendant did not object to the introduction of such exhibits on the ground that they were not duly authenticated as required by law, but upon other grounds. In Grizzle v. Wright, 105 Okla. 294, 232 P. 947, we held that objection to the authentication of such exhibits must be raised in the trial court, before it can be considered on appeal. We have examined the other evidence, the admission of which was complained of by the defendant, and we find no prejudicial error was committed.

The decree of divorce was granted plaintiff upon the fault of the defendant, which is sustained by the clear weight of the evidence. Assuming, without deciding, that the finding of the trial court as to the separate property of the plaintiff is not supported by sufficient evidence and is against the clear weight thereof, and that the legal conclusion of the court connected therewith is contrary to law, the conclusion of the trial court is correct and should be sustained on other grounds. Watson v. Butler, 170 Okla. 350, 40 P. 2d 653.

The defendant contends that the property is community property, which, in effect, is property accumulated by the joint industry of the husband and wife during the marriage, whether the title be in either or both parties. Under Title 12, O. S. 1941 § 1278, the court shall make such division of the jointly acquired property between the parties as may appear just and reasonable. Tobin v. Tobin, 89 Okla. 12, 213 P. 884.

In determining what is a just and reasonable property settlement between the parties, as to the jointly acquired property, the court not only has a right but should take into consideration the efforts of the respective parties during their married lives in acquiring said property. Both of these parties, at the time of their marriage, owned separate property, not here involved. The origination of the income which made it possible to purchase the added property, according to the evidence, came from the property owned by the plaintiff. After carefully reviewing all of the evidence, this court cannot say the judgment is clearly against the weight of the evidence.

Affirmed.

CORN, C. J., GIBSON, V.C.J., and RILEY, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur.