MILLER et al. v. HODGES et al.

No. 34020. May 15, 1951.

*231 P. 2d 678.*

Henry S. Johnston, Perry, and McCollum & McCollum, Pawnee, for plaintiffs in error.

David C. Matthews and Al T. Singletary, Perry, for defendants in error.

LUTTRELL, V. C. J. This case involves the construction of a will. Edward J. Miller died testate in Perry, Oklahoma, on or about October 15, 1939, leaving surviving his second wife, Ida May Miller, and three children by a former wife. After directing the payment of just debts, expenses of last sickness and funeral expenses, the will, so far as is pertinent to the question presented, provided as follows:

"Second. I do hereby give, devise and bequeath to my beloved wife, Ida May Miller, the control and manage-

ment of all of my property, real, personal and mixed, of every kind, and the use of my home property, during her life time, the income from all of my property to be used, first, for the payment of all taxes levied against my property when due, and the expenses of the upkeep of said property; and second for the support and maintenance of my said wife so far as necessary. And should the said income be insufficient for said purposes, then any money on hand in my estate from whatsoever source it may come, may be used for said purposes so far as necessary. And should there be an excess of income after providing for said purposes, the same shall become a part of my estate to be distributed as hereinafter provided. My said wife, Ida May Miller is hereby appointed Trustee of my said property for the purposes of carrying out the provisions of this will.

"Third. At the death of my wife, or if she shall remarry, then at the time of her remarriage, I do hereby give, devise and bequeath all of my property, real, personal and mixed, and the income therefrom, then remaining, as follows, towit: To my son, Victor E. Miller, a One-Fourth (¼) interest; to my daughter, Carrie M. Lindeman, a One-Fourth (¼) interest; to my son, McKinley Miller, a One-Fourth (¼) interest, and to my wife, Ida May Miller, if then living, or if deceased, to her legal heirs, a One Fourth (¼) interest. In case of the prior death of any of my said children, the share which he or she would have received, if living, shall go to the legal heirs of said deceased. At the death of my said wife, or at the time of her remarriage, if she shall remarry, my estate shall be immediately distributed as in this section provided.

"Sixth. In case my said wife, Ida May Miller shall die before my decease, then and in such event, my estate shall be distributed as provided in Paragraph THIRD of this will immediately upon my death."

Ida May Miller did not remarry, but died testate on September 1, 1947. In her last will and testament she devised the one-fourth interest in the estate of Edward J. Miller apportioned to her in equal portions to Victor E. Miller, Carrie Miller Lindeman, and George McKinley Miller, the three children of Edward J. Miller named in his will. So far as the record shows she died childless. Plaintiffs Phyllis Hodges and Loretta Roberts Parrish, two of the legal heirs of Ida May Miller, brought this action to have the last will and testament of Edward J. Miller construed; claiming that under the proper construction of said will they were entitled to share in the undivided one-fourth interest of the estate of Edward J. Miller given to Ida May Miller, and asking the court to decree that they had an interest in said one-fourth of Edward J. Miller's estate. Other heirs of Ida May Miller intervened in the action and joined in the petition of plaintiffs. The trial court held that since Ida May Miller did not remarry no portion of the estate of Edward J. Miller, except the life estate vested in her by paragraph two of the will above set forth, vested in Ida May Miller during her lifetime; that she had no transmissible estate in the undivided one-fourth interest given to her under the terms of the will, and that upon her death it vested in her legal heirs. Defendants, the three children of Edward J. Miller, to whom the one-fourth interest was devised by Ida May Miller, appeal.

The sole question presented is whether by the third paragraph of the will above set forth Ida May Miller was devised a vested interest in the estate of Edward J. Miller, deceased, which she could transmit by will. Defendants contend that by the terms of paragraph three a one-fourth interest in the estate of the testator vested in Ida May Miller whether she remarried or not, and that she could transfer such estate to them by will. They call attention to the rule announced in 33 Am. Jur., under Life Estates and Remainders, paragraph 102, stating that the law favors the vesting of estates generally and that remainders are held to be vested rather than contingent, un-

less from the will of the testator it is made to appear to the contrary. They say that in that portion òf paragraph three, "and to my wife, Ida May Miller, if then living, or if deceased, to her legal heirs, a one-fourth interest", the terms "if then living" and "or if deceased" refer to the death of Edward J. Miller, and in effect provide that Ida May Miller, if living at the time of the death of the deceased, was vested with the undivided one-fourth interest. We are unable to agree with this contention.

In our statute on interpretation of wills, 84 O.S. 1941 §151 et seq., it is provided that a will is to be construed according to the intention of the testator, and that a clear and plain devise cannot be affected by any reasons assigned therefor.

In Munger v. Elliott, 187 Okla. 19, 100 P. 2d 876, we said:

"The cardinal rule for the construction of wills is to ascertain the intent of the testator, and gives effect thereto, if such intent does not attempt to effect that which the law forbids. All rules of construction are designed for this purpose, and all rules and presumptions are subordinate to the intent of the testator where that has been ascertained."

In the instant case the testator provided in plain and unmistakable language for the equivalent of a life estate to his widow, if she survived him, and appointed her trustee of his property for the purpose of carrying out the provisions of the will. By the third paragraph he provided that if she should remarry after his death, then and in that event she should be vested with a one-fourth interest, but both in the third and sixth paragraphs of the will he provided that upon the death of his wife, either before or after his death, the one-fourth interest should go to her heirs. In the third paragraph he was dealing with a double contingency, the death or remarriage of his wife. In such case we think the term "if then living" referred to the event of her remar-

riage, and the term "or if deceased" referred to the event of her death, if she survived the testator, and did not remarry. It is to be noted further that the devise to her and the children is made to depend upon her death or remarriage. The will would have been more clear and distinct if each contingency, to wit: death or remarriage, had been dealt with separately. But while the treatment of the two contingencies together is to some extent confusing, by the plain language of the will, upon the death of Ida May Miller, whether before or after the death of the testator, the one-fourth interest apportioned to her is to go to her legal heirs unless she remarried after his death.

Defendants contend that this construction of the will would hold in suspense the interest devised to them until the death or remarriage of the wife, and that the third paragraph postpones, not the vesting of the interests devised, but the distribution thereof. They say that under the construction given the will by the trial court, the interest devised to the children, as well as to the interest devised to the widow, would be held in suspense until the death of the widow unmarried. Since the date of the vesting of the interest of the children is not in controversy, we do not pass upon that question.

In Grizzle v. Wright, 105 Okla. 294, 232 P. 947, the will devised unto the wife of the testator all of his property, real and personal. It further provided that at the death of his wife all his property, real and personal, should go to Lydia R. Sullinger, his foster child. We held that the terms and language of the will clearly showed that the intention of the testator was to give the wife a life estate with the remainder in fee to the foster child, and that the former held the fee in trust for the latter.

In Wilson v. Berryhill, 181 Okla. 213, 73 P. 2d 449, we said that regardless of the technical definition of the words

used in a will, if the meaning of the testator is clearly expressed within the will itself, the latter will be given effect in the court's construction of the will.

Study of the will in the instant case convinces us that it was the intention of the testator, plainly expressed, that upon the death of his wife, if she predeceased him, the one-fourth interest apportioned to her vested in her heirs at the time of his death, and was to be distributed to them then; that if she survived him but did not remarry, then upon her death the one-fourth interest apportioned to her was likewise to be vested in her heirs and distributed to them. Any other construction of the will, in our judgment, would do violence to the plainly expressed intention of the testator.

Affirmed.

ARNOLD, C.J., and WELCH, GIBSON, JOHNSON, and O'NEAL, JJ., concur. CORN and HALLEY, JJ., dissent.