Vincent COFFEY, Plaintiff in Error,

v.

Leta Fern COFFEY, Defendant in Error.

No. 36165.

Supreme Court of Oklahoma.

Nov. 9, 1954.

Rehearing Denied Jan. 18, 1955.

Application for Leave to File Second Petition for Rehearing Denied Feb. 1, 1955.

342

Haskell B. Pugh, Oris L. Barney, Anadarko, for plaintiff in error.

Sam L. Wilhite, Anadarko, for defendant in error.

ARNOLD, Justice.

Leta Fern Coffey brought this action in the District Court of Caddo County against Vincent Coffey to set aside a property settlement entered into by the parties and approved by the court in a divorce decree entered some seven months before, alleging fraud on the part of defendant in obtaining such settlement. Upon trial the court found that plaintiff had been overreached by her husband in the property settlement and awarded her an additional $2,588.85 of the property accumulated by the parties during coverture.

Both parties filed motions for new trial, both of which were overruled, and both parties have appealed. Both parties contend that the judgment is clearly against the weight of the evidence, plaintiff because she says the court did not award her enough, and defendant because he claims there was insufficient evidence to show fraud and overreaching on his part and the property settlement as entered into by the parties was fair and just.

Pertinent to the issues here raised, plaintiff's evidence reasonably tends to show that for about a year previous to the divorce the parties had had marital difficulties; that gossip in the community about her husband's conduct with another woman and her husband's conduct toward her had caused her so much worry and anxiety that she lost weight, became extremely nervous and emotionally upset; that they lived together for 7 years; that at the time of their marriage she was 15 and he was 21; that her husband had always dominated her; that she knew nothing of financial or business matters or the value of the property which they had accumulated during the marriage; that when defendant demanded a divorce he told her he would give her the Ford car which they owned and $1500 and that was all she was entitled to, and if she did not accede to his wishes he would embarrass her and their two small children; that he took her to a lawyer whom he had selected, refusing to allow her to have independent legal advice, told the lawyer the terms of the settlement, which the lawyer drew up; that she was so mentally and physically ill she did not know what she was doing; that her folks did not attempt to discuss the matter with her because of her emotional state; that for months after the divorce she remained in a state of emotional shock and under the care of a doctor;

her doctor attributed the state of her health to her marital difficulties and gave as his opinion that at the time of the divorce she was in such an emotional state and under such mental torture that she was not competent to know and realize what she was doing in making the property settlement.

Defendant's evidence on the point was to the effect that his wife knew what she was doing and agreed to the property settlement at the time it was made.

■ The judgment of the trial court that plaintiff had been overreached by her husband is not clearly against the weight of the evidence.

■■ Pertinent to plaintiff's contention that the court did not award her a fair share of the property of the parties, the uncontradicted evidence shows that at the time of the marriage defendant owned personal property consisting of livestock, farming implements and machinery, growing crops, and cash of a total of $14,220; that since the marriage the parties had bought and paid for a 160-acre farm worth $16,000; that at the time of the divorce, in addition to the farm, he owned personal property, including crops mature and ready for harvest, of a total of $13,378.20, or a total worth of some $29,000. Plaintiff had received a total of $3,800 under the property settlement, and the judgment herein complained of awarded her an additional $2,-568.85, making a total to be received by her of $6,368.85. Under the circumstances in this case, considering the youth of plaintiff, the fact that she has the custody and responsibility of the two young minor children of the marriage (even though by the terms of the divorce decree defendant is required to pay $50 per month per child .as child support), and the amount of property acquired during coverture the judgment of the trial court is clearly against the weight of the evidence as to the amount to which plaintiff should be entitled. We think and hold that an equitable division of property under all facts and circumstances would be $10,000 to plaintiff.

The cause is reversed with directions to enter judgment in favor of plaintiff in the sum of $10,000 less the amount paid and to make same a lien against the land owned by defendant.

CORN, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur

HALLEY, C. J., concurs in part and dissents in part.

HALLEY, Chief Justice (dissenting in part).

In my opinion, the trial court reached the proper decision in this case. As I understand his decision, he gave the husband credit for what property that he had when the couple were married and deducted that from the value of the property possessed by the parties at the time of the divorce and gave the wife half of the remainder. Therefore, I dissent from that part of the opinion of the majority which has increased the amount of the judgment above that allowed by the trial court.