Helen MITCHELL, Plaintiff in Error,

v.

B. F. MITCHELL, Defendant in Error.

No. 40462.

Supreme Court of Oklahoma.

Sept. 17, 1963.

T. F. Dukes, Hominy, for plaintiff in error.

John W. Tillman, Fred A. Tillman, Don Hampton, Pawhuska, for defendant in error.

DAVISON, Justice.

This is an appeal by Helen Mitchell (defendant below) from a decree of the lower court granting a divorce to both parties in an action brought by B. F. Mitchell (plaintiff below).

Plaintiff's action for divorce was based on extreme cruelty, gross neglect of duty and incompatibility. Defendant's answer and cross-petition alleged extreme cruelty, habitual drunkenness, nonsupport and incompatibility, because of which the parties were separated, and prayed that plaintiff be denied a divorce and that defendant be granted a decree of separate maintenance.

The evidence at the trial reflected that both parties were 57 years of age and that

they had been married eleven years. No children were born of the marriage and there were no minor children from any prior marriage. The parties were married in Michigan where defendant worked as a practical nurse. Plaintiff had been, and was, employed by Gulf Oil Company for many years. During the ten years preceding the trial the parties resided in Oklahoma in a house they had bought, located on an oil lease, where plaintiff worked as a pumper. The parties had been separated for six or seven months prior to filing of the divorce action, with plaintiff working in Oklahoma and defendant residing with her mother in Indiana.

At the close of the trial on July 17, 1962, the trial court found both parties at fault, that they were incompatible and should be divorced and dissolved the marriage; that plaintiff have an automobile (subject to the indebtedness thereon), the lease house and furniture, and approximately 25 shares of Gulf Oil Company common stock; that the defendant have as permanent alimony, in lieu of a division of property, the sum of $1,500.00 payable $300.00 immediately and the balance $100.00 monthly beginning August 1, 1962; and denying defendant's prayer for separate maintenance. Defendant has appealed to this Court and urges a number of assignments of error. These will be considered under the propositions hereinafter discussed.

Defendant contends that the decree of divorce is contrary to the law and the evidence. Defendant calls attention to the fact that she asked for separate maintenance and not a divorce and that she testified she was opposed to divorce, but that the effect of the decree is to grant to both parties a divorce from each other. We have reviewed the testimony and conclude that it would serve no useful purpose to relate the evidence by which the parties sought to support their charges against each other. It is sufficient to state that the evidence abundantly supports the con-

clusion that the parties were incompatible. 12 O.S.1961 § 1271.

■ In Rakestraw v. Rakestraw, Okl., 345 P.2d 888, the same situation was presented and we stated:

"In Oklahoma, there is no proscription against divorcing parties who are both at fault; and where one of them seeks the divorce and the other does not, a decree awarding the divorce to both may be modified on appeal to reflect its award to the one seeking it."

■ The decree, out of which this appeal arose, is hereby modified so as to grant a decree of divorce only to plaintiff and is affirmed as a dissolution of the parties' marriage at the instance of plaintiff.

Defendant further complains as to the sufficiency of permanent alimony granted her and refusal of the trial court to allow temporary alimony or support money prior to the trial and thereafter on appeal to this Court. In fact defendant has filed an application in this Court for $100.00 per month during the pendency of this appeal.

The record reflects the property, and value thereof, granted or retained by plaintiff, to be: house on company oil lease $500.00, 40 acres of Arkansas land $300.00, equity in car $300.00, 24 shares of stock $864.00, bank account $100.00, or a total of $2,064.00, and furniture of rather small undetermined value. Plaintiff has take-home pay of about $325.00 per month. Plaintiff will have some retirement benefits at some undetermined time, but has no accumulated funds in the hands of his employer, because of employer's practice of distributing its stock in place thereof. Defendant was allowed $1,500.00, as hereinbefore referred to, and her personal effects, including a sewing machine and dishes. As stated, it appears that the parties were separated for some months prior to the filing of this divorce action, and that defendant resided with her mother in Indiana and was allegedly caring for her mother.

■ In Eisenreich v. Eisenreich, Okl., 323 P.2d 723, we held:

"The trial court's discretion in fixing the amount of alimony in a divorce action should control, and its conclusions should not be disturbed, unless against the clear weight of the evidence, or unless there has been some abuse of discretion."

From our examination of the entire record we cannot find any justification for changing the alimony allowance made by the trial court.

■ Defendant further complains that her attorney should have been allowed further attorney fees and that plaintiff should pay all of the expense of the preparation of the record in connection with this appeal.

■ Shortly after the plaintiff filed this action the defendant made application for expense money and attorney fees and the court allowed an attorney fee of $100.00. The court granted defendant's attorney an additional $150.00 at the time of trial and rendition of the divorce decree. Thereafter, during preparation of the appeal and on application of defendant, the trial court ordered the plaintiff to pay defendant's attorney the further sum of $100.00 and to pay $100.00 on the expense of the appeal record and the $25.00 cost deposit in this Court. In Laster v. Laster, Okl., 370 P.2d 823, we held that an attorney's fee allowed the wife in a divorce action will not be disturbed on appeal if reasonably supported by the evidence and if reasonable under the circumstances. 12 O.S. 1961 § 1276.

■ Under all of the circumstances we conclude that the allowance of costs, expenses and attorney's fees granted to defendant are reasonable and sufficient and that no further costs or fees should be allowed.

Judgment modified, and as modified, affirmed.