James L. STUART, Plaintiff in Error,

v.

Audree Ann STUART, Defendant in Error.

No. 41557.

Supreme Court of Oklahoma.

June 6, 1967.

Fred A. Tillman, Pawhuska, and Bill Heskett, Jack Heskett, Bartlesville, for plaintiff in error.

Selby, Neptune & Connor, Bartlesville, for defendant in error. ·

BERRY, Justice.

On December 24, 1964, Audree Ann Stuart sued James L. Stuart for divorce. The petition, after alleging jurisdictional requirements, marriage in 1951 and birth of a son in 1959, charged defendant with extreme cruelty and gross neglect of duty, resulting in the parties complete incompatibility. Plaintiff also alleged the joint acquisition of described real property in the state of Kansas, as well as the parties' home outside the city of Bartlesville, together with household goods, two automobiles and other personal property. Plaintiff asked custody of their child, temporary support money for herself and child, award of the home as her separate property, and the household goods and one described automobile. A restraining order against defendant's harassment or molestation of plaintiff also was sought. Motion for temporary support was granted, and defendant further was ordered not to go about plaintiff during pendency of the action.

Defendant answered by general denial of the petition, other than admission of the facts of marriage, and specific denial of the allegations of cruelty and gross neglect, and asked that plaintiff be denied a divorce. By cross-petition defendant asked for divorce upon grounds of plaintiff's extreme cruelty resulting in total incompatibility, and that he be granted custody of the minor child and equitable division of property acquired by joint industry.

Upon trial judgment was rendered granting divorce to both parties upon grounds of incompatibility. Custody of the child was placed in plaintiff and so far as pertinent herein, a division of property was decreed that: plaintiff was given the Kansas property and a boat and motor, furnishings and household goods in the home, a 1958 Chevrolet automobile and $20,000.00 payable before March 10, 1965. Defendant was awarded all monies impounded in the Employer's Thrift Plan, Savings Plan and the Credit Union, a pickup truck and all his sporting goods and hunting dogs.

After this judgment was entered defendant's original counsel withdrew from the case, and present counsel filed a Motion for New Trial and/or To Modify, to which plaintiff filed reply. The Motion was based upon the claim that certain property awarded plaintiff was not acquired by the parties during coverture, and the decree did not provide for an equitable division of property. Additional testimony was introduced at the hearing upon this Motion, and the trial court heard extensive arguments. The overruling of defendant's Motion provides the basis for the issues on appeal, which involves an attack upon the property settlement ordered, and the alleged abuse of discretion in rendition of such decree. Considering such issues in an equitable proceeding requires that we examine the record and weigh the evidence upon which the judgment was based.

The record shows both parties were employed by a large corporation in Bartlesville at the time of marriage. This employer extended the benefits of a Thrift Plan, Retirement Plan, and opportunity to accumulate additional savings in the company credit union. Each party participated in the plans. From the time of marriage plaintiff contributed $100.00 monthly to the savings account until her employment was terminated.

In 1948 the defendant held title to a ten acre tract of land outside Bartlesville, upon which there was a small house. The property was purchased for $5,000.00, and the mortgage indebtedness required $43.00 monthly payment. Prior to marriage defendant had installed a bathroom and some "built ins." After their marriage the parties remodeled the house extensively by addition and enlargement of rooms, installation of built in fixtures, carpeting, wall paneling, and construction of a fire place. The improvements cost approximately $8,000.00, and were accomplished on a cash basis, with occasional withdrawals from savings. Plaintiff was gainfully employed for more than nine years after marriage. During this time she contributed toward the indebtedness, in addition to making savings deposits. Plaintiff ceased employment upon a one year's leave of absence, during which period she made additional contributions to the thrift and retirement plans. Upon termination of employment this money was withdrawn, and used to pay off the mortgage debt, the balance being taken in company stock. Plaintiff testified the improved home property was worth $30,000.00, although there was housing development both north and south of the property. Defendant placed a $40,000.00 valuation upon this property, which still was assessed for taxation as farm land on (February 12, 1965) the date of trial.

The other real property was a lake cabin located in Kansas, valued at $2,000.00. The parties acquired the original property for approximately $300.00, by giving $25.00 cash and a used automobile, and thereafter made some improvements which increased the value. Plaintiff's parents thereafter purchased a better cabin which they desired these parties to purchase. The parents found a buyer who paid $2,000.00 for the original cabin. This money was paid over to plaintiff's parents, who then deeded the lake property to these parties.

The evidence established that property of a total value of $61,270.00 was accumulated by these parties. However, the court concluded that although defendant had acquired title to the home property prior to marriage, in reality the property had been acquired by joint industry of the parties. Upon conclusion of the hearing both the court and the parties' counsel discussed the matter of an equal division of the property as amounting to an equitable division. All parties were in reasonable agreement as to the values to be placed upon the various items, and defendant participated to some extent in the discussion with reference to property values and what would amount to an equal division. After having the matter under advisement, the trial court entered judgment which set over to plaintiff: the Kansas property ($2,000.00), household

goods, furnishings and equipment ($700.00), automobile ($500.00), a boat and motor without fixing value; the sum of $20,000.00 in cash, in lieu of trying to divide the home property in kind.

The property division granted defendant the home place ($40,000.00); Thrift Plan ($11,245.00); Credit Union savings ($3,-918.00); Retirement Plan ($3,219.00); guns, sporting equipment and a pickup truck ($625.00). No controversy arises over provisions of the divorce decree as concerns custody of the child, support payments or requirements that defendant provide for the minor's hospitalization insurance and an education fund, hence it is unnecessary to notice other requirements of the decree rendered. The home property was set over to defendant because of his expressed desire to have this property.

The appeal simply argues that the trial court committed reversible error in failing to grant a new trial, in view of many errors alleged therein, and particularly because of the trial court's clear abuse of discretion in making the division of property. The general argument advanced in support of this claim may be summarized in the following manner for purposes of discussion. Defendant insists there was no competent testimony to permit granting of a divorce. And further, there was neither evidence disclosing defendant's treatment of plaintiff was such as to warrant punitive or exaggerated allowance of alimony, nor any showing which could provide a legal reason for allowance of such a large sum as permanent alimony. It is at this point that argument relating to alimony, hereafter discussed, is first raised.

■ Relative to the assertion that there was no competent evidence to support granting a divorce, it is necessary only to observe that under 12 O.S.1961, § 1271, and our decisions applying the statute to actions for divorce upon grounds of incompatibility, it is only required that there be such conflict of personalities as to destroy the legitimate ends of matrimony and possibility of a reconciliation. Wegener v.

Wegener, Okl., 365 P.2d 728; Bessinger v. Bessinger, Okl., 372 P.2d 870. The evidence of both parties was sufficient to support the trial court's conclusion that the legitimate aims of these parties' marriage had been destroyed, and that there was no hope of reconciliation.

The next argument is that the court abused its discretion in settling property rights and granting alimony to plaintiff. The record shows that plaintiff did not seek an award of alimony, but asked only to have the home property set aside for her benefit as separate property. The case was tried upon the issue of what constituted an equitable division of the property, and the trial court's judgment was rendered upon this basis. No claim was made and no evidence introduced concerning allowance of alimony, and the judgment appealed from is not to be construed as encompassing an alimony award.

Defendant's principal complaint concerns the trial court's division of property. The premise is that the total estate owned by defendant, or the parties jointly did not exceed $61,980.00, and the jointly acquired property did not exceed $30,000.00 in value. Such premise is derived entirely from defendant's interpretation of the evidence. There was evidence from both parties relative to acquisition and value of the various properties included in the court's property division. The trial court's evaluation of the value of the jointly acquired property finds ample support in the record. This is true particularly when viewed in the light of plaintiff's contributions to the marital community, mentioned heretofore.

■ The validity of this argument is destroyed by the reasoning in Turner v. First National Bank & Trust Co., Okl., 292 P.2d 1012. Therein we quoted with approval from Laughlin v. Laughlin, 49 N.M. 20, 155 P.2d 1010, 1018, to the effect that at the inception of the marital community its assets are the labor, skill, industry and talents of both spouses. Thus, if what a husband owned at the time of marriage is increased by the husband's industry and tal-

ent, the husband's interest would accumulate as separate property while the wife would labor for a lifetime without accumulating any property for herself, or in which she might claim a legal interest. The extent of plaintiff's contributions to enhancement of the joint estate justified the trial court's finding in this respect.

██ ██ The further argument is that, absent aggravated circumstances, the general rule is that the usual amount granted a wife ordinarily does not exceed one-third of the value of the property involved. No authority is cited to support the assertion of such so-called general rule. Defendant does cite decisions holding that an equitable division is not necessarily an equal division. This principle has been stated innumerable times and requires no supporting authority. However, we know of no authority which supports defendant's argument that, although an equal division of property is decreed this was not required in order to effect an equitable division, and necessarily shows an abuse of the trial court's discretion in making such an award. We have held many times that no rule requires allowance of any fractional part in fixing equitable division. Dresser v. Dresser, 164 Okl. 94, 22 P.2d 1012; Burtrum v. Burtrum, 184 Okl. 61, 84 P.2d 598.

██ We have held in many cases that in determining what is a just and reasonable property settlement of jointly acquired property, the trial court should take into consideration the efforts of the respective parties during their married life in acquiring the property. Greer v. Greer, 194 Okl. 181, 148 P.2d 156. See Coffey v. Coffey, Okl., 279 P.2d 341, wherein two-thirds of the value of property acquired by joint industry was fixed as an equitable division of property on appeal, as expressive of this principle.

Defendant also complains of the trial court's allowance of an attorney's fee to plaintiff's counsel on appeal. Following an extended hearing on defendant's Motion the trial court overruled same in its entirety and counsel announced intention to appeal

to the Supreme Court. At this point plaintiff's attorney moved the court to require defendant to deposit $1,000.00 for attorney's fees for further defense of the action, and also to require compliance with the support order previously made. The trial court ordered payment of this amount for defending the motion for new trial and for the announced appeal. Defendant urges error in fixing this fee, upon the grounds the trial court had lost jurisdiction in the matter, and any allowance of suit money was required to be made by this Court in finally disposing of the appeal.

██ The defendant's argument lacks substantial merit, in view of 12 O.S.1961, § 1276, as amended. This statute (12 O.S. Supp.1965 § 1276) was amended by addition of this language:

"* * * provided further, that the court may in its discretion make additional orders relative to the expenses of any such subsequent actions, brought by the parties or their attorneys, for the enforcement of any orders in the divorce decree, made for the benefit of either party or their respective attorneys. * * *"

The plain language of the amendment clearly grants the trial court discretion to enter orders relative to expenses of subsequent actions brought by the parties or their attorneys. Defendant's Motion requested relief by modification of the original decree. Plaintiff's reply put in issue the matter of defendant's failure to comply with terms of the decree, and the matter of allowance of attorney's fee. We are of the opinion the trial court was authorized by the statute to enter an order allowing plaintiff's attorney a fee for defense of this appeal. See Mitchell v. Mitchell, Okl., 385 P.2d 462, wherein we approved allowance of additional fees and costs after judgment for preparation of the appeal, prior to adoption of amendment of § 1276, supra.

Judgment affirmed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, HODGES and McINERNEY, JJ., concur.

BLACKBIRD and LAVENDER, JJ., concur in part and dissent in part.

LAVENDER, Justice (dissenting in part):

I respectfully dissent to that portion of the majority opinion which approves the allowance of additional attorney's fees to wife's counsel for defense of the appeal to this court.

The purpose of 12 O.S.Supp.1965, § 1276 was to authorize the allowance by the trial court in a divorce proceeding of additional expense money which may, in that court's discretion, be necessary to enforce any order made in the divorce decree. In this case, after the husband's motion for new trial was overruled, and he announced in open court his intention to appeal to this court, the trial court heard the wife's application (under the cited statute) and allowed the additional attorney's fees therein requested not for the enforcement of the court's decree but *for the defense of an appeal* to this court from that decree, something which was not contemplated by the above statute.

I concur in other portions of the majority opinion.

I am authorized to state that BLACKBIRD, J., concurs in these views.