FOX v. WILEY.

No. 32490.   July 1, 1947.

Rehearing Denied Sept. 23, 1947.

*184 P. 2d 782.*

Speakman & Speakman and Moraul Bosonetto, all of Sapulpa, for plaintiff in error.

Milsten, Milsten, Johnston & Morehead, of Tulsa, for defendant in error.

PER CURIAM. Action by Sandy Fox against Harrietta Fox for divorce. Judgment for defendant, and plaintiff appeals.

Plaintiff filed his petition in the district court of Creek county seeking a divorce from the defendant on the grounds of gross neglect of duty and abandonment. Defendant answered by general denial and by cross-petition sought a divorce from plaintiff on the ground of cruel and inhuman treatment rendering her condition as his wife intolerable. Plaintiff replied to this answer and cross-petition by general denial. Subsequently defendant filed an amended answer and cross-petition in which she abandoned her prayer for divorce, prayed that plaintiff be denied a divorce and that she be granted separate maintenance and attorneys' fees. There were a number of witnesses testifying on each side upon the trial and upon the conclusion thereof the court rendered judgment denying a divorce to the plaintiff, awarding separate maintenance in the sum of $150 a month to defendant and $5,000 as her attorneys' fees. Upon the hearing of the motion for new trial the court made a further order requiring the plaintiff to pay to defendant's attorneys the sum of $1,000 for representing her in this court. The parties will be herein referred to as plaintiff and defendant as they appeared in the trial court.

For reversal of the judgment plaintiff presents five propositions in his brief, the first three of which are based upon the general contention that the evidence is insufficient to warrant the judgment rendered.

There is sufficient testimony disclosed in the record, if believed by the trial court, to sustain the judgment denying a divorce to the plaintiff and awarding separate maintenance to defendant. Therefore, upon the question of the sufficiency of the evidence to support the judgment the contentions of plaintiff must be denied.

Plaintiff's fourth and fifth propositions in his brief relate to the allowance of attorneys' fees in the case based upon the contention that the order for separate maintenance is not a final order but merely temporary in its nature and that the allowance of $5,000 on the trial of the case and $1,000 as a fee for the presentation of this appeal are excessive. It is conceded in defendant's brief that the order for separate maintenance is a temporary order. This being true, the only question raised by the last two propositions is the alleged excessiveness of the attorneys' fees awarded. Testimony of two expert witnesses upon the trial fixing a reasonable fee for services rendered in this character of action, taking into consideration the wealth of the plaintiff, ranged from $4,000 to $5,000. Neither witness knew at the time he testified that an additional $1,000 would be asked for representing the defendant in this court and their testimony did not take this fact into consideration. Separate maintenance, being an order for temporary relief, may be terminated at any time by a reconciliation of the parties, by a divorce or by death. It makes no final adjudication of the rights of the parties.

Viewing the record as a whole, we are of the opinion that plaintiff's contention of excessiveness in the allowance of attorneys' fees in this case has merit. The fee for representing the defendant in both courts is reduced to $1,500. As thus modified the order and judgment of the trial court are affirmed.