**Robert CHAPPELL, Plaintiff in Error,**

v.

**Jane CHAPPELL, Defendant in Error.**

No. 36841.

Supreme Court of Oklahoma.

June 12, 1956.

Richard A. Hays, Henry M. Beidleman, Okmulgee, for plaintiff in error.

Bailey & Pitchford, Okmulgee, for defendant in error.

PER CURIAM.

This is an appeal by Robert Chappell, defendant in the trial court, from a judgment of the Superior Court of Okmulgee County, Oklahoma, whereby the court awarded Jane Chappell, plaintiff in the trial court, a decree of divorce, alimony and property. The parties will be referred to as in the trial court.

Plaintiff and defendant were married in Muskogee, Oklahoma on September 12, 1953 and lived together until this action was filed on the 28th day of August, 1954. Plaintiff alleged in her petition that the defendant has been guilty of gross neglect of duty toward her and has pursued a course of action and conduct which has created an incompatible relationship in this marriage. No children were born of the marriage. Plaintiff testified that she was indebted in the approximate amount of $1,100 before her marriage to defendant; that she lived and had lived, since her marriage, in Sapulpa with her daughter and mother and that she has been regularly employed and had earned a total of $1,962.84 during their marriage.

Defendant testified that at the time of his marriage to plaintiff he had a savings account of $1,000, that his income was approximately $4,000 a year plus an additional income of some $800 from a rent house and

leases, that his savings account had been depleted to $80 since his marriage to plaintiff and that he was employed in Seminole commuting to his home on weekends.

The evidence is in sharp conflict in this case. The plaintiff testified that her husband failed to provide her and her minor daughter with necessities. Defendant testified that he did.

The trial judge found that the plaintiff is entitled to a decree of divorce on the grounds of incompatibility and that the marriage has been totally destroyed due to the fault of the defendant. He also found that the plaintiff is entitled to alimony and certain articles of personal property.

From this judgment, defendant has duly appealed and alleges the following assignments of error: First, that the court was without jurisdiction of the parties; second, that the decree of divorce is not sustained by the evidence; and third, that the court erred in the award of alimony and property to the plaintiff.

Defendant first objects to the jurisdiction of the court. He asserts that plaintiff is a resident of Creek County and is not a resident in good faith of Okmulgee County. Apparently both plaintiff and defendant were former residents of Okmulgee County and probably had lived there for a long time prior to their marriage. Plaintiff was employed as a secretary by Bartlett-Collins Company at Sapulpa, Oklahoma, when she married and has since retained her position with that company. Plaintiff testified that she is a resident of Okmulgee County where she has relatives; that she is a registered voter in that county and upon inquiry by the trial court furnished evidence of her registration. There is sufficient evidence to sustain the finding that plaintiff was a bona fide resident of Okmulgee County at the time the action was filed. Ashton v. Ashton, 197 Okl. 241, 169 P.2d 565; Greer v. Greer, 194 Okl. 181, 148 P.2d 156. In Greer v. Greer, supra, it is stated in the first paragraph of the syllabus:

"Question of residence of plaintiff in a divorce action is one of fact to be determined from the evidence in the case, and where the finding of the trial court is supported by competent evidence and is in accord with the clear weight thereof, the finding will be sustained."

In 1953 the Legislature of Oklahoma amended the grounds for divorce, S.L.1953, p. 59, 12 O.S.Supp. § 1271, and included therein for the first time the grounds of incompatibility. Prior to the addition of this ground to our divorce code only the State of New Mexico and the territories of Alaska and the Virgin Islands made incompatibility grounds for divorce.

In the case of Chavez v. Chavez, 39 N.M. 480, 50 P.2d 264, 267, 101 A.L.R. 635, Justice Hudspeth, in a specially concurring opinion, said:

"'Incompatibility' is defined by the Century Dictionary as: 'The quality or condition of being incompatible; incongruity; irreconcilableness.' And Webster's New International Dictionary: 'Quality or state of being incompatible; inconsistency; * * * incapable of harmonious combination; incongruous; as, incompatible colors; incapable of harmonious association or acting in accord; disagreeing, as incompatible persons. * * *' Pope's Legal Definitions gives the following: 'Incompatibility. "The elements and qualities which may create incompatibility between persons elude exact definition; so varied are the circumstances and so dependent is such a state of feeling upon education, habits of thought and peculiarities of character. * * *"'"

In the case of Pavletich v. Pavletich, 50 N.M. 224, 174 P.2d 826, 832, the court quoted from the earlier case of Poteet v. Poteet, 45 N.M. 214, 114 P.2d 91, 96, where the court said in speaking of incompatibility as a grounds of divorce, that,

"'We have no doubt the District Judges understand the wide signification of the word and will apply it understandingly to the facts of a particular case. Some of the lexicographers give "irreconcilableness" as a synonym. We venture a suggestion that this is an important factor to be

considered in granting or refusing divorces upon the ground of incompatibility.'"

■ When incompatibility is the grounds for a divorce we think we should go even further and say that the judgment of the trial court should be based on reasoning to the effect that conflicts in personalities and disposition are so deep as to be irreconcilable and render it impossible for the parties ‚to continue a normal marital relationship with each other. The disharmony of the marriage relationships in their common every day life must be so deep and intense as to be irremediable. It must be such a relationship that would make the conditions very unhappy on the part of both spouses should the marriage be required to continue.

■ It should not be grounds for divorce where only one of the parties to a marriage is incompatible. Incompatibility is a two way proposition and should not be applicable where the party seeking the divorce is the only one who is incompatible. Our statute did not intend to mean that any one could obtain a divorce on this ground merely because a divorce was desired. In all such cases there must be some conduct creating incompatibility on the part of the defendant.

■ With the above thought in mind we think it proper to review the evidence. The plaintiff had an eleven year old daughter by a former marriage. Defendant had a grown married daughter living in Marshall, Texas. Their finances constituted the chief trouble in their marriage relationship. Certainly it cannot be said that because the parties herein each had a daughter by a former marriage this fact alone would create grounds for a divorce on the grounds of incompatibility. Likewise, the mere statement that their finances constituted their chief trouble should not alone be grounds for divorce. Most families have some family difficulties over financial affairs but such differences, without further testimony, should not ordinarily be such as to breach the bonds of sacred matrimony. But taking all the facts of this case into consideration, such as the parties living and working in separate towns and being together only on weekends, their inability to work out their financial matters and the fact that they have failed to make a home together, we cannot say that the judgment of the trial court in granting the divorce on the grounds of incompatibility was clearly against the weight of the evidence, and we so hold.

■ Finally it is argued that the trial court erred in allowing alimony and attorney fees. Defendant cites Davis v. Davis, 61 Okl. 275, 161 P. 190; and Seddicum v. Seddicum, 167 Okl. 420, 30 P.2d 156; 12 O.S.1951 § 1278. The trial court found plaintiff entitled to a divorce and that the allegations of her petition are true. She prevailed on a statutory ground. In such case the court was justified in allowing alimony and attorney fees. Section 1278, supra; Cates v. Cates, 194 Okl. 414, 152 P.2d 261; Chilton v. Chilton, 207 Okl. 647, 252 P.2d 121; Haynes v. Haynes, 190 Okl. 596, 126 P.2d 65; Farley v. Farley, Okl., 275 P.2d 319, 320. In Farley v. Farley, supra, it is stated in the syllabus:

"The allowance of permanent alimony rests within the sound discretion of the trial court, to be exercised in the light of all the surrounding circumstances, and such allowance will not be disturbed on appeal unless clearly against the weight of the evidence."

There was no error in granting the alimony and attorney fee.

Judgment affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, JACKSON and HUNT, JJ., concur.

HALLEY and BLACKBIRD, JJ., concur in result.