**J. E. WRIGHT, Plaintiff in Error,**

v.

**Retha WRIGHT, Defendant in Error.**

No. 36898.

Supreme Court of Oklahoma.

Sept. 25, 1956.

Rehearing Denied Nov. 13, 1956.

Sid White, Oklahoma City, for plaintiff in error.

John B. Ogden, Oklahoma City, for defendant in error.

HALLEY, Justice.

Plaintiff and defendant were married in 1936. They have two children, daughters. One child was eighteen and the other eight on the date of trial February 25, 1955. Plaintiff's sole ground for divorce was incompatibility, which is now listed as the seventh ground for divorce under Section 1271, Title 12 O.S.1951, as amended by the State Legislature 1953 and 1955, 12 O.S. Supp. § 1271. Defendant denied incompatibility and asked for separate maintenance. The case was tried and at the close of the trial, the judge denied the divorce and granted separate maintenance and fixed the amount the plaintiff should pay for the support of his family and provided for visitation of the children. No finding was made in regard to incompatibility.

The husband admitted he was guilty of misconduct with other women. He testified that his wife nagged him but there was no evidence that there was any injury to his health as a result thereof or that living with her was impossible. The wife did not want a divorce and thought that the marriage could be maintained successfully.

On the motion for new trial it was urged that evidence sufficient to authorize a judgment for separate maintenance was sufficient to show incompatibility. In his order overruling the motion for new trial, the trial judge found:

"That the plaintiff has established incompatibility upon his part as alleged in his petition; but because the conduct of plaintiff as frankly admitted caused or largely contributed to said situation his prayer for relief should be denied."

The judge, however, did not modify his original judgment in any way. He did not consider the evidence of incompatibility sufficient to justify a divorce upon that ground. This Court said in Chappell v. Chappell, Okl., 298 P.2d 768, 771:

"It should not be grounds for divorce where only one of the parties to a marriage is incompatible. Incompatibility is a two way proposition and should not be applicable where the party seeking the divorce is the only one who is incompatible. Our statute did not intend to mean that any one could obtain a divorce on this ground merely because a divorce was desired. * * *"

We see no error in denying the divorce sought on the ground of incompatibility.

Where the husband will not stay at home and make his contribution to maintaining the same, the allowance of separate maintenance is proper.

This is a case of equitable cognizance. We have weighed the evidence and find that the judgment denying divorce and granting separate maintenance is fully sustained. The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, JACKSON and CARLILE, JJ., concur.

BLACKBIRD, J., concurs in result.