Margaret Ann RAKESTRAW, Plaintiff
in Error,

v.

Thomas George RAKESTRAW, Defendant
in Error.

No. 38288.

Supreme Court of Oklahoma.

Oct. 27, 1959.

 

Kavanaugh Bush, Tulsa, for plaintiff in error.

Gable, Gotwals & Hays, and G. Douglas Fox, Tulsa, for defendant in error.

BLACKBIRD, Justice.

The plaintiff in error and defendant in error will hereinafter be referred to as defendant and plaintiff, respectively, as they appeared in the trial court. The divorce decree involved here directed the plaintiff, a petty officer in the Navy, to pay defendant's attorney's fees, awarded her custody of, and support for, the couple's minor child, and granted the divorce to both parties on the ground of incompatibility, after a finding that they were both at fault.

█ In her present appeal from the decree, defendant argues, under her third proposition of error, that the trial court erred in its finding that plaintiff "was a resident" of this State "in good faith for a period of one year next preceding" the filing of his petition. The petition was filed June 11, 1956. The only particular part of the evidence pointed to for support of this contention is defendant's Exhibit 12, which is a stipulation setting forth information written into one of plaintiff's applications for re-enlistment in the Navy. In said application, plaintiff gave his parents' address in Detroit, Michigan, as his own, from March, 1951, (which was 1½ years after his marriage) until November, 1955. This was contrary to the otherwise undisputed testimony of plaintiff and his witness, Leslie Bulmer, to the effect that plaintiff established a permanent residence at Tulsa, Oklahoma, in late May, or early June, of 1955; that he returned to it upon his second discharge from the Navy in November, 1955; and was employed by a manufacturing company in said City until July 15, 1956. We have examined the record and see no reason why this testimony should not have been given greater weight than the above described writing in plaintiff's Navy application. It therefore follows that the trial court's finding cannot be said to be "against the clear weight of the evidence." See Graham v. Graham, Okl., 330 P.2d 1046, 1047, and Pope v. Pope, 116 Okl. 188, 243 P. 962. Accordingly, said finding constitutes no ground for disturbing the decree.

█ Under her Proposition No. 2, defendant advances an argument in which the doctrine of recrimination is referred to. Notice the Annotation on this subject at 21 A.L.R. 1267. While conceding that such doctrine has been discussed little, if any, in previous opinions of this court and pointing to no statute effectuating the doctrine in this jurisdiction, (see the special concurring opinion of Justice Bickley, in Chavez v. Chavez, 39 N.M. 480, 50 P.2d 264, 271, 101 A.L.R. 635; Annotation, 170 A.L.R. 1076; 17 Am.Jur., "Divorce and Separation", secs. 264, 266) her counsel quotes from White v. White, Okl., 281 P.2d 745, in which we said that, under Tit. 12, O.S.1951 § 1275, denying a divorce to the petitioner therefor, where she or he is not free from blame, is not an abuse of the trial court's discretion. It seems also to be defendant's position, however, that under said Statute, as amended (Tit. 12, O.S. 1955, Supp., § 1275) the trial court has no discretion, and can grant neither party a divorce, where they are both at fault, or in the wrong, unless they "appear to be in equal wrong * * *" ; and, in order to grant the divorce, the court must make a finding to that effect. There is no sound basis for so interpreting the present law.

Before the amendment, it was exactly like the Kansas Statute in force when the Supreme Court of that State, in Roberts v. Roberts, 103 Kan. 65, 173 P. 537, said that the discretion given the court *to refuse* a divorce implied its discretion *to grant* one. Similarly, we see in our Statute's 1955 amendment, directing that where parties in equal wrong are divorced, the divorce be granted to both, no proscription against a divorce being granted, in like manner, where the parties' "wrong" is not "equal", or where one may be more at fault than the other. We therefore hold that there is no reason why that cannot be done in this jurisdiction; and that feature of the trial court's decree constitutes no valid ground for setting the decree aside in this appeal. This determination renders immaterial, and beside the point, that portion of defense counsel's argument calculated to establish beyond doubt that the parties' "wrong" was not equal, but that plaintiff was guilty of such serious misconduct as to constitute various crimes, or criminal and quasi-criminal offenses.

There is little evidence in the record to explain, or indicate in what way, if any, defendant contributed to the regrettable and "scrambled" domestic situation in which the parties involved and their innocent children now find themselves. Without describing this in detail, it is sufficient to say that plaintiff appears to be largely, if not entirely, responsible for it. It seems to be defendant's position (in connection with which her counsel quotes at length from Wright v. Wright, Okl., 303 P.2d 428), that if there is evidence of incompatibility in this case, it is incompatibility *on the part of plaintiff only,* and her counsel expresses his belief that another consideration was the only reason the divorce was granted like it was. Despite any inference defense counsel draws from previous expressions of this court to the effect that one spouse may be incompatible without the other spouse also being incompatible and contributing to the state of incompatibility existing between them (see Chappell v. Chappell, Okl., 298 P.2d 768, 771, 58 A. L.R.2d 1214), we think there can be no

dissent to the statement in the cited case that: "Incompatibility is a two way proposition * * *". Applicable alike to the general subject of incompatibility are the statements of the court in Burch v. Burch, 3 Cir., 195 F.2d 799, 808, with reference to "incompatibility of temperament", as follows:

"While one spouse may have a more normal temperament than the other and the overt acts evidencing incompatibility may come largely from the other spouse, it is inconceivable that a husband's temperament can be compatible with that of his wife if hers is incompatible with his. If there is a clash of personalities both must clash."

Defendant, who testified only by deposition, first stated that she and plaintiff "rarely had any quarrels", but she did not directly refute the specific instances plaintiff related of friction between them. The record indicates that, during the almost ten years of their marriage, plaintiff has been in the Navy most of the time and the parties have been at great distances from each other and have had different abodes much more than they have lived together. In her deposition, defendant related that her husband's attitude toward her underwent a change and she learned that he had sought assistance toward obtaining a divorce in 1954. Despite defendant's opposition to the divorce, defendant's deposition shows no desire to resume living with plaintiff, nor does she now suggest that notwithstanding the many natural and probable impediments to the couple's marital bliss, that have arisen since they last lived together, a normal husband-wife relationship between them will ever again be possible. She demonstrates no unsoundness or incorrectness in the trial court's finding of their irreconcilability. We are of the opinion that, regardless of what the parties' relations were while they lived together, their situation, since then and at the time of the trial, has been such that the trial court's findings cannot be said to be clearly against the weight of the evidence. If marriage was wholly a private contract in which the

State had no concern, then it might justifiably be held, in accord with the maxims of equity, that the courts should not aid either of the contracting parties in its legal termination, who had been largely responsible for its breach. Notice 26 Col.L. Rev. 83, 85. In discussing various facets of the law of domestic relations, the court in Saltzgaver v. Saltzgaver, 182 Md. 624, 35 A.2d 810, 816, said:

"* * * another reason for the Court to be astute in enforcing the policies and principles of this branch of the law is that the public has a peculiar interest in the marriage of its citizens, since upon the proper preservation of the marriage ties depends the decency and purity of society. * * * Just as the courts will be astute in preserving marriage ties, except for grave and weighty causes, they will be none the less so in dissolving these ties when such a state of facts does arise and public morality and decency strictly require it."

In that case, where the situation of the parties involved bore a striking resemblance to that of those involved in the subject one, the court further said:

"* * * the State, itself, has the right to look to the Court to protect its social policy in such a situation on the broad ground that it would not tolerate the continued existence of this kind of a marital relationship."

We have carefully examined the evidence and in view of the considerations above mentioned, we cannot say that the trial court erred, or abused his discretion, in granting plaintiff a divorce in the present case.

■ Under her Proposition No. 1, defendant argues that the trial court erred in granting the divorce to both parties, when only the plaintiff was seeking one. Among other matters cited to support this proposition, she says that granting a divorce to her was beyond the issues joined by the pleadings or submitted to the court. Without going further into the merits of

her position, we observe from the record that defendant never acquiesced in a divorce being granted her; and, under the circumstances, it would seem that if she never wanted it granted in that way, there should be no valid obstacle to acceding to her desire in the matter. Accordingly, the decree, out of which this appeal arose, is hereby modified in so far as it purports to grant the divorce to defendant. As thus modified, it is affirmed as a valid dissolution of the parties' marriage at the instance of the plaintiff.

WELCH, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.

DAVISON, C. J., and WILLIAMS, V. C. J., dissent.