**Andrew BOHANON, Plaintiff in Error,**

**v.**

**Lois Mae BOHANON, Defendant in Error.**

**No. 38638.**

Supreme Court of Oklahoma.

Oct. 18, 1960.

Rehearing Denied Nov. 22, 1960.

Al G. Nichols, Wewoka, for plaintiff in error.

Bill Biggers, Wewoka, for defendant in error.

WILLIAMS, Vice Chief Justice.

This is an appeal from an order and judgment which denied defendant's appli-

cation for modification of a prior judgment that required him to pay $250 per month separate maintenance and child support. In the application, defendant alleges a change of conditions and prays reduction in the amount of such monthly payments. The parties are here referred to as in the trial court.

Three children were born of plaintiff's and defendant's marriage. In 1954 plaintiff filed her petition for divorce in the trial court. She asked for an equitable division of the property and support of the children. Defendant filed an answer. Thereafter the parties and their attorneys held a conference, following which plaintiff filed an "Amendment to Petition". Therein she withdrew that portion of her original petition which asked for a divorce. The facts otherwise pleaded in her first petition were reaffirmed and realleged as grounds for separate maintenance and child support.

The plaintiff and defendant and their attorneys agreed as to what the judgment would contain. They then requested the trustee for the defendant, who is an attorney, to prepare the judgment. He was told the terms of their agreement. An agreed judgment was filed in December, 1954.

That judgment in part provided:

"It is further ordered, adjudged and decreed by the court that plaintiff, Lois Mae Bohanon, recover from the defendant, Andrew Bohanon, as and for her reasonable alimony and in lieu of all claims against the property of defendant except as hereinafter set forth, and for child support, the total sum of $250.00, payable in monthly installments and that said installments continue until the further order. of this court or until the youngest of said minor children becomes of legal age."

Defendant contends that he is entitled to a reduction of the monthly amounts payable to plaintiff because two of the children are no longer at home, one having reached legal age and another having married, and

plaintiff is regularly employed at a salary of $250 per month.

■ In the usual separate maintenance suit the judgment simply affords the plaintiff means whereby, during the continuation of the separation from her husband caused by him, she and their children can be provided for.

The financial condition of the parties is of prime consideration in determination of the propriety of the allowance. Prior to the separation of the parties to this case, they had two automobiles and lived in a comfortable home. The defendant's income or financial condition has not worsened since the judgment was entered. The testimony of defendant's trustee was to the effect that the income from the producing oil royalties was stable. He has approximately $25,000 in bonds.

■ There are no arbitrary rules which control the amount of separate maintenance and child support. The fixing thereof rests in the sound discretion of the trial court. Walker v. Walker, 140 Okl. 1, 282 P. 361. He has the benefit of noting the personal appearance and demeanor of the parties and witnesses. He is on the scene. In any event, the amount of the allowance will remain in the continuing jurisdiction of the trial court. He can modify, increase or decrease it as the circumstances of the parties justify.

The trustee for defendant testified in substance at the trial that the parties had agreed to the terms of the judgment. As above shown, such judgment recites that the defendant shall continue to pay to plaintiff $250 per month "until the youngest of said minor children becomes of legal age." From such testimony and such language of the judgment it would appear that the parties and the court considered the possibility that the older children would be leaving home when the agreed judgment was prepared and filed. Apparently, then the payment of $250 monthly installments was not to stop when two of the children

reached legal age, but rather was to continue until all three had become of age, unless prior thereto the court ordered otherwise.

Defendant's contention that the monthly payments should be reduced because plaintiff earns $250 per month cannot be sustained.

The agreed judgment provided that defendant pay plaintiff $250 per month subject to either of two contingencies. Neither has occurred. Plaintiff agreed to accept the $250 per month in lieu of all claims against the property of defendant.

In Stark v. Stark, 185 Okl. 348, 91 P.2d 1064, 1068, this court said, "The authorities are unlimited and uniform in holding that separation contracts entered into by husband and wife are valid and enforceable in the absence of fraud, overreaching or unconscionable conduct."

In the instant case there is the additional factor of the agreement being reduced to judgment.

■■ This is a cause of equitable cognizance. The judgment of December, 1954, provided that defendant was to pay plaintiff $250 per month until the further order of the court or until the youngest of the children became of legal age. The defendant reduced his payments to plaintiff to $150 for each of the months of July, August, and September, 1958, without the court's permission. We believe such reduction not to have been warranted in this case. He who would receive equity must do equity.

The finding inhering in the judgment appealed from herein that the support allowance ordered paid in this case is just and equitable under the facts and circumstances of this case is not clearly against the weight of the evidence, but rather in accord therewith. We find no abuse of discretion by the trial court in his refusal to modify the former judgment of December, 1954. We therefore decline to modify the judgment.

Affirmed.