Ivor Hayden HUGHES, Jr., Plaintiff in Error,

v.

Clevagene Murphy HUGHES, Defendant in Error.

No. 39154.

Supreme Court of Oklahoma.

May 9, 1961.

Rehearing Denied June 27, 1961.

Campbell & Campbell, by Stanley D. Campbell, Tulsa, for plaintiff in error.

Claud Briggs, Oklahoma City, C. Lawrence Elder, James E. Poe, Tulsa, for defendant in error.

DAVISON, Justice.

Appellant, plaintiff below, complains of errors in the judgment of the trial court

denying him a divorce and allowing separate maintenance to his wife. The trial judge effected a division of jointly acquired property, setting apart to the wife her personal paraphernalia, the home, its furnishings and furniture, 300 shares of common stock in the American Telephone & Telegraph Company, and a certain automobile. The value of this property was set at $91,500. The remainder of joint assets, fixed at the total sum of $199,328.75, was awarded to the plaintiff. Granted to the defendant, in addition to her share of the matrimonial property, was a judgment for "permanent alimony" in the sum of $72,000 payable at the rate of $750 per month for a period of 8 years. The journal entry recites at its conclusion:

"The judgment herein rendered, for an equitable division of the jointly acquired property of plaintiff and defendant, as well as the *judgment for permanent alimony, is intended to be and shall be final and conclusive and a bar to any future claim or action by either party, for the recovery of alimony or for any future claim for any interest in the property now or hereinafter owned by either.*" (Emphasis added.)

When, on denying a divorce, an order for separate maintenance is granted, the power of the court, so far as the proprietary rights and obligations of the parties are concerned, is governed and limited by the provisions of 12 O.S.Supp.1955 § 1275, which are:

"The parties appear to be in equal wrong shall not be a basis for refusing to grant a divorce, but if a divorce is granted in such circumstances, it shall be granted to both parties. In any such case or *where the court grants alimony without a divorce or in any case where a divorce is refused,* the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, and for the control and *equitable division and disposition of the property of the parties, or of either of them, as may be proper, equitable and just,* *having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties.*" (Emphasis added.)

The phrase "alimony without a divorce", as employed in the quoted statute, is not synonymous, and should not be confused with the term "alimony" (for fault or aggression of a spouse) under the provisions of 12 O.S.1951 § 1278. The latter statute deals with alimony rendered in a judgment of divorce, while the former has reference to a periodical allowance for the wife's maintenance when the matrimonial bond still subsists. See 12 O.S.1951 § 1284. An order for alimony, when incident to a decree of separate maintenance, is continually subject to modification, whereas, in rendering a judgment for alimony in a decree of divorce the court determines the ultimate obligation and fixes the same in an amount which must be definite and certain. Ordinarily, where the bond of matrimony is not severed, the decree for separate maintenance or "alimony without a divorce" contemplates the present needs and conditions (of the wife) alone; on the other hand in determining the amount of alimony after divorce the court must consider the future support of the wife. Thus, an order for alimony without a divorce is not final but subject to revision and modification as the needs of the wife may change. Lewis v. Lewis, 39 Okl. 407, 135 P. 397; Privett v. Privett, 93 Okl. 171, 220 P. 348; Williams v. Williams, 103 Okl. 194, 229 P. 797; McMullen v. McMullen, 192 Okl. 314, 135 P.2d 482; see also Walker v. Walker, 140 Okl. 1, 282 P. 361; Fox v. Wiley, 199 Okl. 154, 184 P.2d 782; Bohanon v. Bohanon, Okl., 356 P.2d 746.

Under the quoted provisions of 12 O.S.Supp.1955 § 1275, the trial judge was authorized in the present cause to effect an equitable division of the joint property accumulated by the parties. Banta v. Banta, 202 Okl. 86, 210 P.2d 346. However, he lacked jurisdictional power to enter an alimony judgment in a fixed amount so as to preclude its future modification. Privett v. Privett, supra.

158

It was the duty of the trial court to determine the present needs of the wife, consider the separate income, if any, she would receive from the property set apart to her out of the joint assets, and render an order for a monthly allowance in an amount found reasonably necessary to defray her living expenses, such installments to be paid so long as the marriage subsists or until further order of the court. Lewis v. Lewis, supra; Fox v. Wiley, supra; Walker v. Walker, supra; Branson v. Branson, 190 Okl. 347, 123 P.2d 643. The alimony judgment as rendered in the cause at bar is erroneous and contrary to the statutes. It cannot stand as an incident of a decree for separate maintenance.

As a ground for divorce plaintiff relied on incompatibility. This allegation was negatived in defendant's answer. She prayed that a divorce be disallowed and separate maintenance granted. Neither party charged the other with any marital misconduct. As reflected by the journal entry, plaintiff's petition was denied on the basis of his failure to "sustain the burden of proof".

The trial court's action in denying a divorce is asserted as contrary to the clear weight of the evidence. Plaintiff contends, inter alia, there was error in excluding from the evidence certain verified pleadings of the parties which were filed by them in two previous matrimonial actions.

■ Incompatibility imports more than a mere mental process or an after-thought conceived and nurtured in the psyche of the complaining spouse. While conscious fault is not necessarily a gravamen of incompatibility, its basis must nonetheless be established by proof, objective in its character, of causes to which marital disharmony is attributed. In order to meet his burden of proof plaintiff sought to establish a continuous, deep and irremediable discord effecting a rift in the intimate life of the parties. The allegations in the proffered pleadings, which we have carefully examined, do tend to furnish material facts as to past controversies between the parties and shed light upon the reasons for an absence of harmony between them. Above all, the averments

strongly militate against the conclusion that plaintiff's complaint of incompatibility is bottomed on a mere subterfuge or afterthought and hence lacks a substantial foundation in facts. See Chappell v. Chappell, Okl., 298 P.2d 768, 58 A.L.R.2d 1214; Rakestraw v. Rakestraw, Okl., 345 P.2d 888. The pleadings in a prior action of the same general character, though not conclusive upon a party, are of evidentiary force in a subsequent proceeding. They constitute "judicial admissions" and as such should be accorded consideration. Hankins v. Hankins, 195 Okl. 160, 155 P.2d 720. There was error in the exclusion of this evidence.

The defendant did not employ recrimination as an affirmative defense to the petition for divorce and the record discloses no evidence of any marital misconduct on the part of the plaintiff. There is no analogy here to the case of Wright v. Wright, Okl., 303 P.2d 428, in which we affirmed the decree of the lower court denying a divorce to a husband who was admittedly guilty of extramarital improprieties. Our holding in the Wright case has no application, where as here, there is no proof that gross misconduct of the complaining spouse constituted the source of the rift to which incompatibility was sought to be attributed. See in this connection Clark v. Clark, 54 N.M. 364, 225 P.2d 147, 21 A.L.R.2d 1263; Sachs v. Sachs, D.C., 155 F.Supp. 860.

■ The term "incompatibility" describes a state or quality of relation between given persons or concepts. A litigant in a divorce case cannot establish incompatibility on his part alone. Legally speaking, incompatibility cannot be unilateral, but is always mutual. One spouse may be disillusioned or disappointed in marriage due to some trivial or imaginary difficulties insufficient to destroy a normal and wholesome matrimonial association. In such case there is no actionable incompatibility. Mutual incompatibility, within the terms of the statute, denotes generally a state of irremediable rift or discord produced by a reciprocal conflict of personalities. It is a condition which by its nature must be bilateral. In such instance the law will not undertake to measure the degree in which

each spouse may have contributed to the development of incompatibility. Once a marital relation of this character is established as a fact, there exists in contemplation of law a state of actionable incompatibility, even though the effect of the mismatch be wholly unbearable to one and yet appear somewhat less harmful and disturbing to the other spouse. Rakestraw v. Rakestraw, supra.

■ A detailed recital of the evidence would serve no useful purpose. The parties have been married for some 28 years. They have no children. With a steady rise to economic success they gradually began drifting apart until, after a period of time, their habits, tastes and interests became so different that there was nothing left in common to share. Resentment, indifference, coolness and distrust were allowed to animate the course of the relation. There was little, if any, concern or solicitude for the emotional needs of each other, and this ultimately destroyed their sense of belonging, stability and security. These antagonistic feelings appear irreversible. Commendable as we find defendant's sincere efforts to preserve the marital bond and effect a reconciliation, we can hardly escape the impression that, when the action was filed, the deterioration of the marriage had reached a point beyond the possibility of rescue. The evidence, so viewed as a totality, clearly demonstrates an irremediable rift and is sufficient in law to establish the factum of actionable incompatibility.

■ The comments made by the trial judge at the close of the proceedings manifestly show that he did consider the evidence sufficient to show incompatibility, and believed that a decree of separate maintenance would leave both parties in a most unsatisfactory legal relation. The record, considered as a whole, impels our conclusion that plaintiff's petition was denied because the trial court felt reluctant to grant a divorce over the objection of the wife who elected to stand on the prayer for legal separation and expressed her unwillingness to amend the pleading to ask for divorce. The statutory ground of incompatibility does not permit the court to dissolve a marriage merely because its termination is desired by one or both parties. Conversely, when actionable incompatibility is shown, a divorce may not be denied solely because the defending spouse voices opposition to its granting. A contrary holding would make incompatibility dependent in its application upon an agreement or a stipulation between the parties, and thus furnish a vehicle for a consensual divorce which the law did not intend to sanction.

It is our opinion that the judgment of the trial court denying plaintiff a divorce is against the clear weight of the evidence.

■ While the alimony judgment cannot stand in conjunction with the decree of separate maintenance for the reasons discussed above, it can and should be re-entered as an incident to an absolute divorce. Its amount, challenged here for excessiveness, appears reasonable when we consider defendant's total unpreparedness for gainful employment, her emotional and physical state of health, the length of the marriage, and the husband's present salary of $35,000 per year, coupled with a potential for higher earnings. Neither did the trial court err in effecting an equitable division of the joint property. It appears that the defendant-wife received less than one-half of the total assets. Chappell v. Chappell, supra; Whiteker v. Whiteker, Okl., 332 P.2d 953.

■ Plaintiff finally urges that the trial court abused its discretion in granting defendant an attorney's fee of $7,250. The fee so awarded was paid by the plaintiff. After appeal defendant applied to this court for an allowance of additional attorney's fee which request was denied. In determining the amount of reasonable counsel fee to be awarded a wife in a contested divorce action, the ability of the husband to pay and the means and property of the parties are proper factors to be considered, together with the nature of legal work performed, the time required therefor, and the complexity of the issues involved in the litigation. McElreath v. McElreath, Okl., 317 P.2d 225. Considering the extent of work performed by counsel for the defendant, both here and in the trial court, and taking

due notice of the other criteria, as outlined, the fee heretofore allowed by the trial court may be approved. It constitutes adequate compensation for all the services rendered to the defendant in connection with the present litigation.

The judgment of the trial court is reversed; cause is remanded with directions to set aside the decree of separate maintenance, enter judgment granting plaintiff a divorce, and award the defendant alimony and division of joint property in accordance with the views expressed in this opinion.