Nelle Jane WEGENER, Plaintiff in Error,

v.

Dick WEGENER, Defendant in Error.

No. 39051.

Supreme Court of Oklahoma.

Oct. 17, 1961.

patibility. Plaintiff in error, hereinafter referred to as defendant, denied by way of answer that the parties were incompatible, and prayed among other things that her husband's petition be denied. After hearing the evidence, the trial court first entered judgment finding that "* * * plaintiff is not entitled to a divorce from defendant and that the case of Wright v. Wright [Okl.], 303 P.2d 428, is in point and controlling upon the court." Thereafter the court sustained plaintiff's motion for new trial, stating in his order, among other things:

"* * * On consideration of the case of Rakestraw v. Rakestraw [Okl.], 345 P.2d 888, and the cases cited therein, the Court concludes that the rule in force prior to the passing of the 1955 Act (Title 12, sec. 1271 O.S.A.) and set out in Forrester v. Forrester, 193 Okl. 59, 141 P.2d 92, should be followed, and that the evidence in this cause should be considered in the light of the Rakestraw case."

It is from this latter order or judgment that defendant has perfected the present appeal.

For reversal she urges two propositions which may be combined in the single assertion that in granting a new trial on the authority of the Rakestraw case the trial court erred on a pure, simple and unmixed question of law. Plaintiff disputes this and urges that the trial court should have the opportunity of reconsidering the evidence on the basis of the principles laid down in the Rakestraw case. His position is that this will involve the determination of a mixed question of law *and fact*. With this we agree.

Since this appeal has been pending, this court has decided the case of Hughes v. Hughes, Okl., 363 P.2d 155, which has clarified our views on the interpretation of the incompatibility statute. It is not necessary for us to review the evidence in the instant case for the question involved concerns the propriety of the trial court's sustaining a motion for new trial.

In an endeavor to clarify the various opinions, we hold that the following rules

V. P. Crowe, Embry, Crowe, Tolbert, Boxley & Johnson, Oklahoma City, for plaintiff in error.

John F. Butler, Butler, Rinehart & Morrison, Oklahoma City, for defendant in error.

JOHNSON, Justice.

This action for divorce was instituted by defendant in error, hereinafter referred to as plaintiff, on the alleged ground of incom-

have been established by this court in the application of the incompatibility statute.

1. Actionable incompatibility exists when such a conflict of personalities comes about as to destroy the legitimate ends of matrimony and possibility of reconciliation. Hughes v. Hughes, supra.

2. Such a state may exist although the situation is considered serious by one spouse and less so by the other. Rakestraw v. Rakestraw, Okl., 345 P.2d 888.

3. Where incompatibility exists as a result of the misconduct of the complaining spouse, the trial court is vested with broad discretion in the weighing of the possibilities of reconciliation and the restoration of a normal marital status and in the granting of a divorce. Rakestraw v. Rakestraw, supra.

4. If, in the opinion of the court, this evidence establishes the bilateral incompatibility of the parties, then the grounds for divorce are proven, regardless of the degree that each of the parties contributed to such incompatibility.

In the instant case the trial court believed that under the case of Wright v. Wright, Okl., 303 P.2d 428, he was vested with no discretion but must of necessity deny the divorce. Considering the subsequent opinion issued in Rakestraw v. Rakestraw, supra, after determination of the instant case, the trial court concluded that he should consider the evidence in the light of this opinion and granted a new trial. In so far as the trial judge concluded that he should reappraise the evidence, we hold that he was correct. We do not hold nor intimate by this opinion that a divorce should either be granted or denied. This is a matter addressing itself to the sound judicial discretion of the trial judge in conformity to the principles herein laid down.

Judgment affirmed.

WELCH, DAVISON, JACKSON and IRWIN, JJ., concur.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY and BERRY, JJ., dissent.