Frances E. BESSINGER, Plaintiff in Error,

v.

Leon H. BESSINGER, Defendant in Error.

No. 39457.

Supreme Court of Oklahoma.

June 5, 1962.

Rehearing Denied June 26, 1962.

John H. Kennedy, Oklahoma City, for plaintiff in error.

Howard C. Allman, Oklahoma City, for defendant in error.

JOHNSON, Justice.

This action for divorce was commenced by Leon H. Bessinger, hereinafter called plaintiff, against his wife, Frances E. Bessinger, hereinafter called defendant. The defendant filed a cross-petition seeking separate maintenance. The appeal is by the defendant from the divorce granted the plaintiff on August 31, 1960, and the order overruling her motion for new trial.

The plaintiff filed his petition for divorce alleging that he and the defendant were married September 26, 1941, and that of said marriage two children were born;

Carolyn Kay, born July 18, 1942, and Glenn Howard, born May 6, 1944. After several hearings, including a restraining order against the defendant obtained by plaintiff and an order for alimony and child support obtained by the defendant, the court entered a decree of separate maintenance on August 31, 1959, and thereafter on August 31, 1960, a decree in divorce was entered as aforesaid.

The defendant attacks the divorce and the property settlement on four propositions. The divorce was granted on the ground of incompatibility. Plaintiff testified that he and the defendant constantly argued, mostly about the way he treated the children and about the way he ran his plumbing business. Soon after the decree of separate maintenance, the defendant hired a detective agency for the purpose of obtaining information in the relation of plaintiff with another woman who was employed by him as office secretary and assistant. As a result of the conduct of the parties to this action, it is demonstrated that it is improbable that plaintiff and defendant can ever live together as husband and wife. The plaintiff testified that he did not love the defendant, and defendant disclosed in every instance that she did not trust the plaintiff. Although she resisted the divorce, she still asked for a decree of separate maintenance.

■■ We have repeatedly held that the grounds for divorce and separate maintenance are the same. Lewis v. Lewis, 39 Okl. 407, 135 P. 397; Bohanon v. Bohanon, Okl., 356 P.2d 746. Under the rule announced in Wegener v. Wegener, Okl., 365 P.2d 728, in which we discussed Wright v. Wright, Okl., 303 P.2d 428; Rakestraw v. Rakestraw, Okl., 345 P.2d 888; and Hughes v. Hughes, Okl., 363 P.2d 155, we are of the opinion and hold that the trial court did not err in granting plaintiff a divorce on the ground of incompatibility. In Wegener v. Wegener, supra, in announcing several rules to guide the court in determining the question of incompatibility we stated:

"Actionable incompatibility exists when there is such a conflict of personalities as to destroy the legitimate ends of matrimony and the possibility of reconciliation. Such a state may exist although the situation is considered serious by one spouse and less so by the other."

■ In Hughes v. Hughes, supra, in discussing the grounds for divorce by reason of incompatibility we stated:

" * * * The evidence, so viewed as a totality, clearly demonstrates an irremediable rift and is sufficient in law to establish the factum of actionable incompatibility."

We find a similar situation here. The judgment of divorce is hereby approved.

The defendant next contends that the amount of alimony and property settlement is unjust. The evidence discloses that the parties owned a home at 2600 South Grand Boulevard in Oklahoma City valued at $12,000.00, on which there was a mortgage of $4,975.00; rental property at 2620 South May, valued at $8,250.00, with a mortgage thereon of $7,250.00; a plumbing business valued at $3,000.00; and motor vehicles as to which there is no dispute as to their disposition; and an interest in a lease where the business is conducted and some cash derived from a life insurance policy. The other assets consist of a $300.00 note secured by a second mortgage on real property and payable at $10.00 per month; and the income from the operation of the plaintiff's plumbing business. The evidence is not definite as to his actual income, but the trial court analyzed the situation properly when he stated he could not determine the monthly gross or net income, that was probably between $500.00 and $800.00 per month.

The trial court gave the home and the rental property, with release from any liability of the plaintiff for the mortgage indebtedness, to the defendant. He also gave her the payments of $10.00 monthly from the mortgage on the real property in.

the amount of $300.00, and $9,000.00 alimony, stating that he allowed a credit of $3,000.00 because of the difference in the value of the property and money delivered to the defendant. This left a judgment of $6,000.00 for alimony payable at $100.00 per month. In addition, plaintiff was ordered to pay $50.00 monthly as child support for the son.

In Miller v. Miller, 186 Okl. 566, 99 P.2d 515, we stated there is no defined standard by which the amount to be paid as alimony can be determined, but that the circumstances of the parties at the time of the divorce must be viewed, and the matter decided with due regard to both parties. In Hughes v. Hughes, supra, we stated:

> "The allowance of permanent alimony and disposition of joint property rest within the sound discretion of the trial court, to be exercised in the light of all surrounding circumstances, and the Supreme Court will not disturb the determinations made on such issues unless they are against the clear weight of the evidence or constitute an abuse of discretion. Whiteker v. Whiteker, Okl., 332 P.2d 953."

We find no reversible error in the allowance of alimony and property settlement.

The defendant asks for additional attorney's fees. The trial court allowed a total of $750.00 to the defendant's attorney. Considering the assets of the parties and the awards made by the trial court, we consider this sufficient. However, we are of the opinion that the defendant's attorney is entitled to an additional sum for his services in this court, which amount we fix at $200.00, for which amount the trial court shall enter judgment.

This court has heretofore entered an order for the allowance of alimony and child support pendente lite. It is therefore the order of this court that the trial court hold a hearing to determine how much, if any, of the above amounts heretofore ordered by this court have been paid and proceed to enforce payment of all of said amounts allowed.

The defendant also asks for cost of case made in the amount of $538.90. We deny this item, but the cost of this appeal, exclusive of the cost of case made, is taxed against the plaintiff.

As modified, the judgment of the trial court is affirmed.

WILLIAMS, C. J., and DAVISON, HALLEY, JACKSON, and BERRY, JJ., concur.

BLACKBIRD, V. C. J., and IRWIN, J., dissent.