Nancy NEWMAN, Plaintiff in Error,

v.

Leon NEWMAN, Defendant in Error.

No. 40463.

Supreme Court of Oklahoma.

April 28, 1964.

Coleman Hayes, Oklahoma City, Eph Monroe, Clinton, for plaintiff in error.

Royse & Meacham, Elk City, for defendant in error.

HALLEY, Vice Chief Justice.

The parties will be referred to as they appeared in the trial court. Plaintiff, Leon Newman, and defendant, Nancy Newman, were married at Clemson, South Carolina, on April 24, 1960. He was at that time, and at the time of trial, a lieutenant in the Air

Force. A daughter was born to them on April 19, 1961. Plaintiff filed this action for divorce on May 23, 1962, alleging incompatibility. Defendant filed an answer denying that plaintiff was entitled to a divorce, and by cross-petition she prayed for divorce on the grounds of extreme cruelty and gross neglect of duty. On November 21, 1962, the matter was tried and a divorce decree was entered. The court found that each of the parties was entitled to a divorce from the other on the grounds of incompatibility. The decree also provided for a division of the property and for custody of the child. Defendant filed a motion for new trial which was overruled and she appeals.

Defendant argues three propositions of error which we will consider in order. The first proposition is that the court erred in granting plaintiff a divorce. Defendant is not contending that a divorce should not have been granted, but her complaint is that plaintiff was granted a divorce from defendant as well as defendant being granted a divorce from plaintiff. We must examine the evidence to determine whether the court erred in granting plaintiff a divorce on the ground of incompatibility.

Plaintiff and defendant were separated from early May, 1962, until the time of trial. At the trial plaintiff testified they did not get along too well; that if he did something she did not like, such as going hunting, she got quiet, became angry, pouted, and would not speak to him for days at a time; that this grew into tension; and that things did not seem to get along too well. Defendant testified by deposition and told about the trouble between them. She testified that when he went out hunting and she commented on it, he accused her of nagging. She testified that he seldom took her out for any entertainment; that he did not give her gifts or presents; that he infrequently visited or called her while she was in the hospital; that he lied to her; and that when something went wrong she would sit and argue about it, but he would walk out. During the time they were married they were separated for over a month at a time on several occasions when he was assigned to temporary duty at other air force bases. During the year following the birth of their child, plaintiff's air force duties required that he be separated from his family for one or more weeks of each month. Defendant concedes in her brief that these parties were unable to make a go of their marriage and that at the time of trial there was incompatibility on both sides. However, she argues, in effect, that plaintiff was the only party who was incompatible during the time they attempted to live together.

We believe that actionable incompatibility was established by the evidence in this case. Their marriage was characterized by financial difficulties, long physical separations, differences of interests, resentment, coolness and distrust. These antagonistic feelings were apparently irreversible and demonstrated an irremedial rift. The trial court found the parties to be incompatible which was a determination that there was such a conflict of personalities as to destroy the legitimate ends of matrimony and the possibility of reconciliation. When all the facts are taken into consideration, we cannot say that the trial court erred or that the decree granting plaintiff a divorce on the grounds of incompatibility was clearly against the weight of the evidence. Hughes v. Hughes, Okl., 363 P.2d 155; Bessinger v. Bessinger, Okl., 372 P.2d 870.

Defendant's second proposition of error is that the division of property was arbitrary, inequitable and unreasonable. The trial court's decree awarded to each party the personal property which each one had in his or her possession at the time of trial. There was testimony as to the value of such property indicating that approximately $4,000 worth was in plaintiff's possession and $1,000 worth was in defendant's possession. Very little of this was in cash. The court ordered that plaintiff pay $1,500 to defendant by paying $100 per month for fifteen months. It is clear that this was done to make more equal the division of property between the parties.

904

The effect of this was to award property and cash of an approximate value of $2,500 to each one. This asserted error is without merit.

Defendant's final proposition complains of the court's order granting custody of the infant child to plaintiff for a ten day period each year during his annual leave. Defendant's complaint, in essence, is the possibility that plaintiff may secure custody of the child, take it to his (plaintiff's) mother's home and leave it with her ·for the ten day period each year. We do not believe that the evidence shows that defendant's fears are any more than a possibility. If plaintiff abuses his rights, the trial court may modify or change the order in this respect, whenever circumstances render such change proper.

Affirmed.

DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, C. J., and BERRY, J., dissent.