420 P.2d 516 (1966)
Mary Lucille MACKEY, Plaintiff in Error,
v.
John William MACKEY, Defendant in Error.
No. 41353.
Supreme Court of Oklahoma.
November 15, 1966.
Charles R. Gray, W.N. Palmer, Pawhuska, for plaintiff in error.
Fred A. Tillman, Bill Heskett, Jack Heskett, Pawhuska, for defendant in error.
*517 DAVISON, Justice.
This is an appeal by Mary Lucille Mackey (defendant below) from a judgment rendered October 23, 1964, in divorce action *518 in which the court granted a divorce to both the defendant and John William Mackey (plaintiff below), and made division of property acquired during marriage, and awarded alimony to defendant. We will refer to the parties by their trial court designation.
Plaintiff and defendant were married December 18, 1954, when his age was 47 years and her age was 34 years. Both parties had been married before and defendant had a 14 year old son from a previous marriage. No children were born of the present marriage.
Plaintiff filed the divorce action on July 5, 1963, and alleged incompatibility. Defendant filed an answer alleging plaintiff was guilty of extreme cruelty and praying plaintiff be denied a divorce. Later, defendant filed a cross petition charging plaintiff with cruelty and adultery and praying for a divorce. On September 18, 1964, after trial and before rendition of judgment, defendant filed an amendment to her cross petition in which she incorporated the allegations of her earlier cross petition and charging plaintiff with incompatibility and habitual drunkenness. Thereafter, the lower court granted a divorce to both parties on the grounds of incompatibility, adjudging a division of property, and awarding defendant $4750.00 alimony payable $150.00 per month.
Defendant complains of the action of the lower court in awarding a divorce to both parties and contends that plaintiff should have been denied a divorce and that she (defendant) alone should have been given the divorce. This contention is based on the proposition that the evidence shows the blame or fault for failure of the marriage was that of plaintiff and that the evidence reflects, with no denial by plaintiff, that he was guilty of adultery.
The substance of defendant's argument is that the evidence does not reflect that the parties were equally in the wrong, as provided in 12 O.S. 1961, Sec. 1275, and a divorce to both was not sustained by the evidence. We have carefully read and considered the evidence. It is our conclusion that the record conclusively shows the parties were incompatible. As stated, both parties alleged incompatibility as a grounds for a divorce and that is what the court awarded to each of the parties.
In Rakestraw v. Rakestraw, Okl., 345 P.2d 888, 890, we stated as follows:
"* * * we see in our Statute's 1955 amendment, (12 O.S. 1961, Sec. 1275) directing that where parties in equal wrong are divorced, the divorce be granted to both, no proscription against a divorce being granted, in like manner, where the parties' `wrong' is not `equal', or where one may be more at fault than the other. * * *"
In the present case the trial judge heard the evidence and observed the witnesses and determined that a divorce should be granted to both parties. We find nothing in the record that would cause us to disturb that portion of the judgment awarding a divorce to plaintiff.
Defendant further contends that the trial court's judgment making division of property acquired during the approximately 10 year marriage and the award of alimony to her is, as to her, unfair and inequitable.
At the time of the marriage (December 18, 1954) plaintiff had been employed by Gulf Oil Corporation for a number of years and had accumulated some shares of stock of that corporation. Plaintiff testified he also had about $2500.00 in cash. The record does not reflect that defendant had any property, but did reflect she had a widow's pension of $130.00 per month until her son reached the age of 18 years. In May, 1955, they moved to Canada where plaintiff continued to work for Gulf until some years later when there was an "amalgamation" with British American Oil Company, and plaintiff worked for that concern as a superintendent. In May, 1956, they bought a house in Edmonton, Canada, with a mortgage thereon. They lived there until they separated in June, 1963, when plaintiff left the home, and later filed *519 this action in Osage County, Oklahoma, in July, 1963. Defendant continued to reside in the house in Edmonton at all times reflected in the record. It is not questioned that plaintiff remained an American citizen with a legal domicile in Osage County. There appears to be no dispute that the property and funds accumulated during marriage came from plaintiff's earnings.
During the marriage there was accumulated and owned at the time of trial, the house and lot in Edmonton, Canada; additional Gulf Oil Corporation stock; British-American Oil Company stock; British-American savings account; Canadian Government Bonds; one-half interest in house and lot in Skiatook, Oklahoma (subject to mortgage and in which plaintiff's mother lived); furniture; and an automobile. In the decree the court gave the defendant the home and lot in Edmonton, Canada (subject to the mortgage thereon), the furniture and the automobile and $4750.00 for alimony, and awarded the balance of the property and funds to plaintiff. The mortgage on the residence in Canada was in process of foreclosure on the date (October 23, 1964) of the final judgment.
A considerable amount of the dispute on division of the property is relative to the Gulf stock owned by plaintiff before marriage and that acquired after marriage. It appears that the difference in figures and amounts was largely because of a 3 for 1 stock split of this stock in December, 1959. It is our calculation that before the marriage the plaintiff owned 42 shares of said stock and after the stock split owned 126 shares with a value of about $7200.00 at the time of the decree, and the accumulation after the marriage (with the stock split) was 58 shares with a value of about $3300.00.
It is also obvious from the evidence that there was a difference of opinion as to the value of the furniture, automobile and equity in the Canada property and Skiatook property. Based upon what we consider to be the best and most cogent evidence, we believe the property accumulated after marriage was equal to about $19,000.00 and that given to defendant was approximately $8500.00 to $9500.00.
In Roemer v. Roemer, Okl., 373 P.2d 55, the trial court granted each party a divorce and divided the jointly acquired property. Therein we stated:
"On granting divorce to either husband or wife, court is not required to divide property acquired by parties jointly during marriage equally between parties, but is given wide latitude in determining what part of jointly-accumulated property shall be given to each."
In Longmire v. Longmire, Okl., 376 P.2d 273, it is stated:
"An action for divorce and division of property is one of equitable cognizance and the judgment of the trial court in such a case will not on review be disturbed by this court unless it is clearly contrary to the weight of the evidence."
And in Bessinger v. Bessinger, Okl., 372 P.2d 870, we held as follows:
"The allowance of permanent alimony and disposition of joint property rests within the sound discretion of the trial court, to be exercised in the light of all surrounding circumstances, and the Supreme Court will not disturb the determinations made on such issues unless they are against the clear weight of the evidence or constitute an abuse of discretion."
Upon consideration of all the evidence and circumstances we cannot say that the judgment was against the clear weight of the evidence, or that there was an abuse of discretion by the trial court.
Defendant further requests this court to award her attorneys an additional fee and also require plaintiff to pay the expense of this appeal. Defendant's attorneys were allowed a temporary fee of $300.00 and an additional fee of $350.00 in the decree. They state this latter fee has not been paid. It should be paid and *520 the lower court should require the plaintiff to promptly pay the same. The request for an additional fee and expenses of the appeal is denied.
Affirmed.