**Wayne DORAN**

v.

**Anna Beverly DORAN.**

Superior Court of Delaware.

New Castle.

July 25, 1968.

---

A. James Gallo, Wilmington, for plaintiff.

No appearance for defendant.

## OPINION

WRIGHT, Judge.

This is an uncontested divorce action brought on the ground of incompatibility. The statute establishing this ground for divorce was recently enacted and provides as follows:

"When husband and wife are incompatible in that their marriage is characterized by rift or discord produced by reciprocal conflict of personalities existing for two consecutive years prior to the filing of the divorce action, and which has destroyed their relationship as husband and wife and the reasonable possibility of reconciliation." (13 Del.C. § 1522 [12]).

 The testimony taken at trial of this action indicates that the parties were married in 1954. As time passed it became apparent that due to the differences in the personalities of the parties that they were able to agree on very little. The marriage deteriorated to the point that they so lost respect for each other that it was not uncommon for them to debase each other in public. Attempts at conversation nearly always resulted in acrimony. Sexual relations, when they did occur, were described as a "duty". Life under the same roof finally became so unbearable that the parties separated in 1964.

13 Del.C. § 1522(12) quoted above is similar to statutes existing in Alaska, New Mexico, Oklahoma and the Virgin Islands.

 The decisional law of the courts in these jurisdictions has been examined and as a result of that examination I conclude the following as essential in establishing incompatibility as a ground for divorce.[1]

1. Actionable incompatibility must be mutual. The court need not inquire into the degree of contribution of each spouse to the condition but must be convinced that the alleged incompatibility is more than a unilateral proposition on the part of the plaintiff.

2. Actionable incompatibility may not be the result of trivial disagreements no matter how numerous but must be the result of such deep and intense conflicts of personality and disposition so as to be irremediable.

3. Actionable incompatibility must have been such as to have completely and permanently destroyed the marriage relationship.

Turning again to the present case it is my conclusion that the facts establish a case of incompatibility under the statute.

A decree nisi will be entered as of this date.

---

1. The cases examined include, Hughes v. Hughes, 363 P.2d 155 (Sup.Ct.Okla.1961); Chappell v. Chappell, 298 P.2d 768 (Sup. Ct.Okla.1956); Poteet v. Poteet, 45 N.M. 214, 114 P.2d 91 (1941); Bassett v. Bassett, 56 N.M. 739, 250 P.2d 487 (1952); Burch v. Burch, 195 F.2d 799 (3rd Cir. 1952).