CAREY, Justice:
The appellant, Wife, has appealed from a decree entered in Superior Court granting a divorce to her husband. The ground for the decree was incompatibility, T. 13 § 1522(12), which became part of Delaware law on June 11,1968.
There appears to be little disagreement between the parties concerning the law applicable to the case. As Judge Wright pointed out in Doran v. Doran, Del.Super., 245 A.2d 434 (1968), our Act differs from those of other States which accept incompatibility as a proper ground for divorce and whose statutes specify “incompatibility” or “incompatibility of temperament” without further definition, leaving it up to the Courts to define what amounts to incompatibility. See annotation in 58 A.L.R.2d 1218. Obviously, the Act is a recognition by the Legislature that there are instances where the man and wife cannot get along together and their dissentions are sufficiently great to justify relief from the obligations of marriage; at the same time, the restrictions imposed upon the *501 ground of action manifest a legislative intent that this ground is not to be lightly regarded and is to be relied upon only where the differences are deep-rooted, of substantial significance, and have continued over a sufficient period of time to justify the belief that there is no likelihood of reconciliation.
Under § 1522(12), there must be (1) rift or discord (2) produced by reciprocal conflict of personalities (3) existing for two consecutive years prior to the filing of the action (4) which has destroyed their relationship as husband and wife to the extent that there is no reasonable possibility of reconciliation. (Emphasis added). The incompatibility must be the result of such deep and intense conflicts of personalities and disposition so as to be irremediable.
The trial judge found that the plaintiff had fully met his required burden of proof by the preponderance of the evidence. In making this finding, the Judge found in favor of the plaintiff as to those matters of fact which were in dispute. The issue before us, accordingly, is whether or not the facts so found justify the ultimate finding of incompatibility as defined in the statute. We have examined the entire record and find sufficient evidence to support the trial Court’s findings and conclusion.
The parties were married in 1937 and separated in February, 1965. They have four children aged twenty-six, twenty-two, seventeen and thirteen. According to the husband, disagreements resulting in tensions commenced about ten years before the separation, gradually increased in frequency and severity, and at least two or three years before the separation, reached a stage where arguments went on almost constantly. They consulted the family physician, who referred them to a psychiatrist in 1959. They continued to see the psychiatrist until about 1962, when they discontinued their visits to him because his advice proved ineffectual; the tension became worse instead of better. Later, they consulted their minister, who tried to assist them for a period of a year or more. His assistance likewise was ineffective and, while he did not say that they ought to separate, he made a remark which indicated a belief that the children would be better off if the parents were separated.
According to the husband, during the last two or three years of their cohabitation, there was constant tension in the family. The couple argued and quarreled over such matters as supervision of the children, politics, churches, finances, and housekeeping. During arguments at mealtime, food would be thrown. If, in order to escape from a quarrel, one of them would go into a room and lock the door, the other would break the door. Sexual relations deteriorated and ceased entirely about six months before the separation. The husband did not attempt to put all the blame upon the wife, but agreed that both were at fault. He stated that there was a lack of trust and constant tension which was having a bad effect upon the younger children and that, largely because of his desire to relieve the pressure upon the children, he left the home. There has been no resumption of cohabitation since that time.
The husband’s testimony found considerable support in that of the seventeen-year-old son, who was the only child to testify. It was also supported by the testimony of the psychiatrist, who stated that during the period he attended them, there was continual fighting, each blaming the other; that they were aggressive and hostile each toward the other; that she complained that the husband was autocratic and dictatorial; and that, in his opinion, their differences were serious and deep-rooted. The minister agreed that their differences were not trivial and that he had been unable to effect any improvement in the situation. A Family Court worker testified that the wife said to him sometime after the separation that there had been incessant fighting in the home prior to the separation.
The wife admitted that a great number of arguments took place at the dinner ta *502 ble. She felt that their differences could be reconciled, and stated that she still loves her husband. She considered their biggest problem to be a failure to communicate. Her testimony tended to minimize some of the individual episodes which the husband considered serious, and she contends that the quarreling did not extend beyond the degree which exists in the average household. Two of her friends testified that they did not know that there was any serious trouble between the couple until the husband left. Appellant’s sister, who lives in Richmond, Virginia, indicated her belief that the difficulties were caused principally by the husband, but did not believe that the differences were irreconcilable.
From this brief summary of the testimony, it will be seen that there was ample evidence, if believed, to satisfy all the requirements of the statute. Practically all of the testimony was oral, and the trial Judge had the benefit of observing the witnesses ..as they testified. We accept his finding of fact, and agree with his conclusion that a decree was justified.
The judgment below will be affirmed.