

———◆———

Jack Jacobs, of Young, Conaway, Stargatt & Taylor, Wilmington, for plaintiff.

Dennis A. Reardon, of Becker, Kipp & Reardon, Wilmington, for defendants.

STIFTEL, President Judge.

Plaintiff thought the defendant driver, Stephen M. Backes, was going to turn right off U. S. Route 13A into County Route 485 because his right rear blinkers were active. Defendant says this was a defect in the mechanism, that he intended to turn left instead of right and that his front left blinkers were active at the same time his right rear blinkers were active. Apparently there was one automobile driver immediately in front of the plaintiff who had already gone by the Backes truck. Plaintiff merely followed; and when she got into the intersection, the two vehicles collided because defendant went left instead of right.

There is no doubt but that the young seventeen year old defendant driver failed to keep an effective lookout before he made his left hand turn. The question is whether plaintiff was contributorily negligent because it is claimed she violated 21 Del.C. § 4119(a) (2) * in attempting to pass a vehicle going in the same direction within 100 feet of an intersection.

---

\* 21 Del.C. § 4119(a) (2) reads as follows:
  "(a) No vehicle shall at any time be driven on the left side of the roadway under the following conditions:

Plaintiff had a right to rely on the blinking turn signal which indicated a right turn. She was not in reality passing the vehicle but merely going around it, as the previous vehicle had done. She had no reason to anticipate that he would turn as he did. § 4119(a) was not enacted to prevent the type of accident which occurred here. This kind of accident could have occurred along any portion of the road where private driveways intersected. The only proximate cause of this accident was defendant driver's failure to look before he turned.

Since defendant driver was admittedly in the course of his employment at the time of the accident, his employer, Wilbur B. Frylings, is liable.

In any event, the owner is responsible for the malfunctioning of the signal lamps since he failed to submit evidence on recent inspection.

Judgment for plaintiff in the amount of $737.85 plus interest and costs.

So ordered.

**Robert F. DELLA LOGGIA, Plaintiff,**

v.

**Mary DELLA LOGGIA, Defendant.**

Superior Court of Delaware,
New Castle.

March 16, 1970.

\*    \*    \*    \*    \*

"(2) When approaching within 100 feet of or traversing any intersection \* \* \*."

his early life with his wife—that she was inattentive to him; that he had little to say about the rearing of his children; that he had little voice in the selection of his home; that he had many arguments with his wife. His major complaints focus at the time of his heart attack and the period following. Much of the difficulty relates to his wife's conditional refusal to have his mother visit them in the year of his heart attack. Her insensitiveness to his wishes caused his retaliation by his refusing visits by her father to their household. Her father died; and for a time she seemed unforgiving of his conduct toward her father. He appeared never to forget her attitude toward his mother.

Mr. Della Loggia denies that he has found someone more interesting in the Pennsylvania coal mine region, but the evidence points to the fact that he has some woman of great interest to him in that area. The witnesses who testified for the wife were all surprised by the difficulties the parties were having. Most of them thought they were an ideal couple. Neighbors never heard any noise emanating from their household. His relationship with the children seemed to be fine until the children learned about his intention to divorce their mother.

Marriage must have some significance. Automatic dissolution by the court is not desirable at the sign or presence of minor trouble. True, incompatibility is a ground for divorce, but it was never meant to be an automatic right to a decree at the presence of normal dissensions in a marriage relationship. The incompatibility must be the result of deep and intense conflicts of personalities so as to be irremediable. See H. v. H., Del., 253 A.2d 500, 501; Doran v. Doran, Del., 245 A.2d 434.

I cannot find that this marriage was rampant with hopeless disagreement and irremediable discord for the statutory period. See J.A.D. v. P.L.D., Del., 259 A.2d 381, 383. With unselfishness and compas-

F. Edmund Lynch and Charles K. Keil (of Bayard, Brill & Handelman), Wilmington, for plaintiff.

Robert E. Daley (of Conner & Daley), Wilmington, for defendant.

STIFTEL, President Judge.

Robert F. Della Loggia and Mary Della Loggia have been married since 1943. They have two grown children. In March of 1967, plaintiff Robert F. Della Loggia had a severe heart attack. He recovered satisfactorily. He has many complaints about

sion on the part of the plaintiff, the essentials of this marriage could be revived.

Petition for divorce denied.

It is so ordered.

**TEXACO, INC., a Delaware corporation,
Plaintiff,**

v.

**PHOENIX STEEL CORPORATION, a Delaware corporation, and Allied Chemical Corporation, a New York corporation, Northern Delaware Industrial Development Corporation, a Delaware corporation, and Farmers Bank of the State of Delaware, Defendants.**

Court of Chancery of Delaware,
New Castle.

March 24, 1970.